**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT GEORGIA**
**SAVANNAH DIVISION**

| | |
|---|---|
| FACTORY DIRECT WHOLESALE LLC,<br><br>Plaintiff,<br><br>v.<br><br>OFFICE KICK, INC. and CKNAPP SALES, INC.,<br><br>Defendants. | CIVIL ACTION NO.:4:21-cv- 00368-RSB-CLR |

**PLAINTIFF FACTORY DIRECT WHOLESALE LLC.'S**
**RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff Factory Direct Wholesale LLC ("FDW" or "Plaintiff") hereby submits the following Response in Opposition to Defendants' Motion to Dismiss [Dkt. 32].

## I. SUMMARY OF ARGUMENT

The Court should deny Defendants' motion to dismiss the tortious interference claims. The motion overlooks that the First Amended Complaint ("FAC") pleads bad faith conduct, both objectively and subjectively. Defendants' cited caselaw relating to claims of tortious interference is inapplicable because it expressly distinguishes situations—like here—in which bad faith conduct has been alleged. The FAC properly pleads a cause of action for both tortious interference with contract and the separate tort of tortious interference with business relations.

The Court should also deny Defendants' motion to dismiss the civil conspiracy claim. Unless facts are proven that one of the Defendants exercises so much control over the other Defendant that they are essentially one and the same corporation, then they must be treated as separate legal entities and, contrary to Defendants' motion, they can conspire with each other as a matter of law.

Defendants' additional argument are similarly lacking in merit, as explained in herein.

## II. DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BECAUSE THE FAC ALLEGES THAT DEFENDANTS' ASSERTIONS OF PATENT INFRINGEMENT WERE MADE IN BAD FAITH

Defendants' motion to dismiss ignores the FAC's unambiguous allegations showing Defendants acted in bad faith. Defendants' own caselaw makes clear preemption against state law tort claims does not apply when such bad faith is alleged. *See, e.g.*, *800 Adept, Inc. v. Murex Sec., Ltd.*, 539 F.3d 1354, 1369 (Fed. Cir. 2008) ("State tort claims against a patentholder, including tortious interference claims, based on enforcing a patent in the marketplace, are "preempted" by federal patent laws, ***unless the claimant can show that the patent holder acted in "bad faith*** *. . . .*") (emphasis supplied); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998) ("[F]ederal patent law bars the imposition of liability for publicizing a patent in the marketplace "***unless the plaintiff can show the patentholder acted in bad faith***") (emphasis supplied).

To show bad faith, a plaintiff "must offer clear and convincing evidence that [patentee] had no reasonable basis to believe that [the accused product] infringed. . . ." *Golan v. Pingel Enterprise, Inc.,* 310 F.3d 1360, 1372 (Fed. Cir. 2002). "[T]he law regarding proof of bad faith is case-specific." *Id.* at 1371. "Exactly what constitutes bad faith remains to be determined on a case by case basis." *Id.* (quoting *Zenith Elecs.* Corp*. v. Exzec, Inc.*, 182 F.3d 1340, 1354 (Fed. Cir. 1999)) (internal quotation marks omitted).

Bad faith assertion of patent infringement encompasses both an objective component and a subjective component. *See, e.g.*, *Iguana, LLC v. Lanham*, 835 F. Supp. 2d 1372, 1378 (M.D. Ga. 2011). The objective component requires that the allegations of infringement must be "objectively baseless;" the subjective component relates to a showing that the patentee in

enforcing the patent demonstrated subjective bad faith. *See, e.g.*, *800 Adept*, 539 F.3d at 1370; *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004); *Releana, LLC v. Stephens,* Civ. No. 2:15-CV-00222-RWS, 2016 WL 11745940, at *2 (N.D.Ga. Aug. 16, 2016). Under the subjective test, "the court should focus on whether the baseless [claim] conceals an attempt to interfere *directly* with the business relationships of a competitor . . . as opposed to the outcome of that process…." *Prof'l Real Estate Inv'rs, Inc. v. Columbia Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993).

The sufficiency of a pleading is determined by the substance of facts pleaded and ***not*** by any particular "magic words;" thus, to sufficiently plead a plausible claim premised on bad faith does not necessarily require the use of the words "bad faith." *Releana*, 2016 WL 11745940, at *3 (acknowledging that "magic words" are not required to sufficiently plead tortious interference based on bad faith assertion of patent infringement allegations); *see Hunt v. Aimco Props., Inc.*, 814 F.3d 1213 (11th Cir. 2016) (reversing order of dismissal, the court holding plaintiff "need not use magic words" to express a request for accommodation); *Howell v. Tanner*, 650 F.2d 610, 616 (5th Cir. 1981) (denying motion to dismiss and finding that magic words 'under color of state law' are not necessary to state a § 1983 claim "when factual allegations in the complaint clearly point in this direction"); *see also Labram v. Havel*, 43 F.3d 918, 920-921 (4th Cir.1995) ("Legal labels characterizing a claim cannot, standing alone, determine whether it fails to meet [the standard for notice pleading pursuant to Fed. R.Civ. Pro. 8(a)(2)]") (citing numerous cases).

The FAC unambiguously alleges that Defendants' assertions of patent infringement to Amazon were made in bad faith, both objectively and subjectively. The FAC pleads that Defendants' conduct met the "objective" component of the bad faith standard by showing that Defendants' infringement allegations were frivolous and objectively baseless, as follows:

- "FDW requests relief … based on the false and ***objectively baseless*** accusation that FDW's accused products infringe" (¶2)
- "Defendants' claims of infringement are ***objectively baseless***…." (¶18)
- "Defendants … conspired to harm FDW … to demand Amazon to remove FDW's … products based on the false and ***objectively baseless*** accusation that these products infringed…." (¶26)
- "based on Defendants' ***frivolous*** assertion that the [FDW's] products infringed …" (¶27)
- "DEFENDANTS' ACCUSATION OF PATENT INFRINGEMENT REGARDING FDW'S [PRODUCTS] WAS FRIVOLOUS AND ***OBJECTIVELY BASELESS***" (Section A ¶¶ 32-51)
- "Defendants' accusation that the [accused products] infringed the '773 patent was ***objectively baseless*** and ***frivolous***." (¶32)
- "[T]he accused [FDW] products ***cannot even arguably*** infringe …." (¶37)
- "***[N]o colorable argument exists*** that the accused … products infringe…." (¶45)
- "***[N]o colorable argument exists*** that the [FDW] products can infringe…." (¶47)
- "***[N]o colorable argument exists*** that the [FDW] products can infringe…." (¶49)
- "DEFENDANTS' ACCUSATION OF PATENT INFRINGEMENT WAS ALSO ***FRIVOLOUS*** AND ***OBJECTIVELY BASELESS*** BECAUSE THE [FDW PRODUCTS] CONSTITUTE PRIOR ART TO THE '773 PATENT." (Section B ¶¶ 52-58)
- "Another independent reason that Defendants' claims of infringement were ***frivolous*** and ***objectively baseless*** is that…." (¶52)
- "Defendants' claims that FDW's desk converter products infringed the '773, '774, and '630 were ***frivolous*** and ***objectively baseless*** because ***no colorable or good faith argument exists*** that FDW's accused desk converter products infringed any claim of the '773 patent, '774 or '630 patents." (¶132)
- "Defendants Office Kick and Vivo conspired and reached an understanding among themselves to tortiously interfere with FDW's contractual and business relationships with Amazon and Amazon's customers by raising false, ***objectively baseless***, and ***frivolous*** claims of infringement." (¶140)

(emphasis supplied). All of the foregoing allegations must be accepted as true for purposes of Defendants' motion to dismiss. *See Bryant v. Avado Brands, Inc.*, 187 F.3d, 1271, 1273 n.1 (11th Cir. 1999).

The FAC also clearly pleads that Defendants' conduct met the "subjective" component of bad faith standard by showing that Defendants conduct was malicious, willful, and intending to

cause harm to FDW and its business, and that Defendants knew that the accused products constituted prior art. The FAC pleads the following (which also must all be accepted as true for purposes of the pending motion):

- "***Defendants'*** frivolous accusations of infringement were made with the ***specific intent*** to cause, and actually caused, direct injury to FDW." (¶13)
- "Defendants ***were fully aware*** that the [accused products constituted prior art]." (¶53)
- Defendants acted ***purposely and with malice to interfere with FDW's relationship*** with Amazon and with Amazon's customers, with ***specific intent to injure FDW and its business***." (¶133)
- "Defendants' actions showed ***willful misconduct***, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences, and ***with the specific intent to cause harm to FDW***." (¶138)
- "Defendants Office Kick and Vivo ***conspired and reached an understanding among themselves to tortiously interfere with FDW's contractual and business relationships*** with Amazon and Amazon's customers by raising false, objectively baseless, and frivolous claims of infringement." (¶140)

(emphasis supplied). As explained in the following sections of this brief in more detail, these allegations that Defendants asserted their claims of patent infringement in bad faith, both objectively and subjectively, render meritless Defendants' motion to dismiss the tortious interference claims.

## III. THE FAC PROPERLY ALLEGES A CLAIM FOR TORTIOUS INTERFERENCE WITH CONTRACT

In light of the unambiguous allegations of both the objective and subjective components of bad faith, Defendants' argument that the FAC fails to allege a cause of action for tortious interference is without merit. The elements of tortious interference with contract under Georgia law are as follows:

> (1) improper action or wrongful conduct by the defendant without privilege; (2) the defendant acted purposely and with malice with the intent to injure; (3) the defendant induced a breach of a contractual obligation or caused a party or third party to discontinue or fail to enter into an anticipated business relationship with the plaintiff; and (4) the defendant's tortious conduct

proximately caused damage to the plaintiff.

*See Culpepper v. Thompson*, 254 Ga.App. 569, 571, 562 S.E.2d 837, 840 (2002). The FAC unambiguously pleads facts that meet each of these claim elements.

**A. The FAC sufficiently pleads "improper action or wrongful conduct by the defendant without privilege"**

The Complaint alleges that Defendants acted improperly and wrongfully by notifying Amazon that FDW infringed based on frivolous, objectively baseless allegations, that Defendants knew were baseless, objectively and subjectively. *See* Section II, *supra* at 2-5 (outlining the FAC's allegations of objective and subjective bad faith). A bad faith assertion of patent infringement is not privileged and is wrongful within itself as a matter of law. *See, e.g.*, *Zenith Elecs.*, 182 F.3d at 1353 ("We have on several occasions recognized that a patentee's statements regarding its patent rights are conditionally privileged under the patent laws, so that such statements are not actionable ***unless made in bad faith***") (emphasis supplied).

Defendants' conduct was wrongful and not privileged for the additional reason that it constituted a breach of Defendants' Seller Agreement with Amazon. It is true that Defendants' Seller Agreement with Amazon authorized them to accuse other sellers on Amazon of patent infringement, but it authorized such accusations ***only if asserted in good faith***. Defendants' Seller Agreement with Amazon did ***not*** authorize them to engage in ***bad faith*** accusations of patent infringement, and in fact, prohibited such bad faith accusations.

According to the materials submitted with Defendants' motion to dismiss, Defendants' Seller Agreement with Amazon is governed under Washington state law. Defs. Motion, Ex. A, (Amazon Services Business Agreement) at p. 14 of 46. Every contract governed by the law of the State of Washington (similar to the law in Georgia and other states) includes an implied covenant of good faith. *See, e.g.*, *In re Pro Air, Inc.*, 223 Fed. Appx. 705, 707 (9th Cir. 2007)

("Washington law recognizes an implied duty of good faith … in performing contracts….") (citations omitted); *Conway Construction Co. v. City of Puyallup*, 490 P.3d 221 (Wash. 2021) ("There is an implied duty of good faith and fair dealing in Washington contracts.…") (internal quotation marks and citations omitted).

Accusing another seller of patent infringement in bad faith directly violates the implied covenant of good faith and constituted a breach of Defendants' contract with Amazon. In other words, Defendants' contract with Amazon not only failed to authorize them to raise bad faith patent infringement allegations, the implied covenant of good faith directly prohibited such conduct. Defendants' conduct constituted a breach and was wrongful within itself. The FAC therefore sufficiently pleads the tortious interference element "improper action or wrongful conduct by the defendant without privilege."

**B. Defendants acted purposely and with malice with the intent to injure**

The FAC sufficiently pleads that Defendants "acted purposely and with malice with the intent to injure." For example, the FAC alleges that "Defendants acted purposely and with malice to interfere with FDW's relationship with Amazon and with Amazon's customers, with specific intent to injure FDW and its business." FAC ¶ 133. The FAC alleges that "Defendants' actions showed willful misconduct, malice, [and] fraud … with the specific intent to cause harm to FDW." FAC ¶ 138. These allegations are sufficient under Rule 9(b):

> Notably, Rule 9(b) does not require a plaintiff to allege specific facts related to the defendant's state of mind when the allegedly fraudulent statements were made. Instead, as Rule 9(b) itself states, *"[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally*." Thus, under Rule 9(b), it is sufficient to plead the who, what, when, where, and how of the allegedly false statements and then allege generally that those statements were made with the requisite intent."

*Mizzaro v. Home Depot, Inc.*, 544 F.3d 1230, 1237 (11th Cir. 2008) (emphasis supplied). The

FAC therefore sufficiently alleges the tortious interference element that Defendants "acted purposely and with malice with the intent to injure."

**C. Defendants caused a party or third party to discontinue a business relationship with the plaintiff.**

The FAC sufficiently alleges the existence of a seller contract between FDW and Amazon. *See, e.g.*, FAC ¶¶ 23-24. Defendants' motion argues incorrectly that, to sustain a cause of action for tortious interference with contract, Amazon must have breached that contract. Directly contrary to Defendants' argument, "the courts of this state have recognized that such interference with a contractual right or relationship need not result in a breach of the contract to be actionable. It is sufficient if the invasion retards performance of the duties under the contract or makes the performance more difficult or expensive." *McDaniel v. Green*, 156 Ga. App. 549, 550 (1980) (citations omitted).

The FAC sufficiently alleges that Defendants caused a third party to discontinue a business relationship with FDW and made FDW's performance more difficult under the contract. Specifically, the FAC alleges that Amazon previously agreed to allow FDW to list on Amazon's website fifteen different desk converter products (i.e., fifteen ASINs), but then, in direct response to each of Defendants' bad faith allegations of infringement, removed these fifteen products and refused to reinstate them on Amazon's website. *See* FAC ¶¶ 2, 13, 19, 29, 69, 76, 84, 88, 99, 101, and 135. The FAC therefore sufficiently pleads the tortious interference element that Defendants "caused a third party to discontinue a business relationship with the plaintiff."

**D. Defendants' tortious conduct proximately caused damage to the plaintiff.**

The Complaint pleads that Defendants' tortious conduct proximately caused damage to FDW, including by preventing its ability to sell its products to Amazon's customers resulting in lost sales and lost profits, as follows:

- *See* FAC ¶¶ 3, 4, 19, 70, 83, 100, 137, and 142. The FAC further alleges that two of its best-selling products previously sold on Amazon's website for over two years, were the 79M and GDV ASINs. As a direct result of Defendants' bad faith allegations of infringement, Amazon removed FDW's best-selling products and prevented FDW from continuing to sell these products on Amazon's website. FAC ¶¶ 21, 23, 29, 31.
- "As a direct and proximate result of Defendants' tortious interference, FDW has lost materials sales and profits of the accused products. FDW is continuing to suffer damages in the form of lost sales, lost profits, and is continu[ing] to suffer injury to its goodwill with … Amazon's customers." *Id.* ¶ 137
- "As a direct and proximate cause of the improper and unjustified product takesdowns…, FDW suffered and is continuing to suffer damages, including lost sales and profits…. Moreover, FDW's goodwill and reputation with … Amazon's customers have been damaged and is continuing to be damaged because of Defendants' baseless accusations of patent infringement." *Id.* ¶ 70; 83; 100.

"[A] plaintiff need not allege guaranteed profits absent tortious interference…." *See Interra Int'l, LLC v. Al Khafaji*, No. 1:16-CV-1523-MHC, 2017 WL 4866266, at *10 (N.D.Ga. 2017) (denying a motion to dismiss, the court holding that damages were sufficiently pleaded on a tortious interference with business relations by alleging "as a direct and proximate result of Defendant's actions, [Plaintiff] has and will continue to suffer damages"); *see also Adventure Outdoors, Inc. v. Bloomberg,* 519 F. Supp. 2d 1258, 1276 (N.D.Ga. 2007), *rev'd on other grounds* 552 F.3d 1290 (11th Cir. 2008) (denying motion to dismiss claim for tortious interference because "it is sufficient for Plaintiffs to allege . . . that their business relations have been damaged"). The FAC therefore sufficiently pleads that Defendants' tortious conduct proximately caused damage to FDW.

To summarize, the Court should deny Defendants' motion to dismiss the tortious interference with contract claim because the FAC pleads a plausible cause of action on each of the four required elements of that tort.

## IV. THE FAC PROPERLY PLEADS A CLAIM FOR TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS.

Defendants' motion to dismiss should be denied also because it completely overlooks that the FAC additionally pleads tortious interference with ***prospective business relationships with FDW's and Amazon's customers***. For example, the FAC pleads the following:

- COUNT VII, "TORTIOUS INTERFERENCE ***WITH PROSPECTIVE AND EXISTING … BUSINESS RELATIONS***"
- "Defendants intentionally interfered with FDW's … ***prospective business relationship with Amazon's customers*** by wrongfully asserting that FDW's desk converters infringed [the patents-in-suit]." (¶131)
- "Defendants have tortuously interfered with … ***the … business relations [of] Plaintiff and its customers and prospective customers.***" (¶136)
- "As a direct result of Defendants' conspiracy to tortuously interfered with FDW's … ***business relationships with …Amazon's customers***, FDW suffered actual damages…." (¶142)
- In the WHEREFORE clause, the FAC seeks judgment, *inter alia*, "finding that Defendants have engaged in tortious interference ***with FDW's business relations***." (FAC at 43)

"Tortious interference with business relations is a distinct and separate tort from that of tortious interference with contractual relations, although some of the elements of the two torts are similar." *See Renden, Inc. v. Liberty Real Estate Ltd. Partnership III*, 213 Ga. App. 333, 334 (1994). The first, second, and fourth elements are similar between tortious interference with contract and tortious interference with business relations. The main difference between the two torts exists in the third element. *Compare DeLong Equip. Co. v. Wa. Mills Abrasive Co.*, 887 F.2d 1499, 1518 (11th Cir. 1989) (the third element of tortious interference with business relations is "induc[ing] a third party or parties not to enter into or continue a business relationship with the plaintiff") (quoting *Hayes v. Irwin*, 541 F. Supp. 397, 429 (N.D.Ga.1982), *aff'd* 729 F.2d 1466 (11th Cir.), *cert. denied*, 469 U.S. 857, 105 S.Ct. 185 (1984)), *with Culpepper*, 254 Ga.App. at 571 (the third element of tortious interference with contract is

"induc[ing] a breach of a contractual obligation or caus[ing] a party or third party to discontinue or fail to enter into an anticipated business relationship with the plaintiff").

As illustrated by comparing the different third elements, "[p]roof of a valid and enforceable contract is *not* required as an element of a cause of action for intentional tortious interference with business relations." *Renden,* 213 Ga. App. at 334; *see also DeLong Equip. Co.*, 887 F.2d at 1518 ("A claim based on tortious interference with business relations does not require evidence of a binding contract") (citations omitted).

A claim for tortious interference with business relations may be pleaded "by showing a general malicious intention to harm the plaintiff's business…." *N. Am. Medical Corp. v. Axiom Worldwide, Inc.*, No. 1:06-cv-1678-JTC, 2008 WL 11338776, at *2 (N.D.Ga. Dec. 5, 2008) (allegations that "[d]efendants have deliberately engaged in a variety of false and misleading advertisements with the intent of discouraging existing or potential customers from purchasing [plaintiff's] products, resulting in financial injury to [plaintiff]" satisfied the pleading requirements of tortious interference with business relations).

Moreover, "[a] cause of action for tortious interference also encompasses interference with a *prospective* business relationship as well as existing ones…." *Hayes*, 541 F. Supp. at 429 (citing *Wilcon, Inc. v. Travelers Indem. Co.*, 654 F.2d 976 (5th Cir. 1981); *Merlite Land, Sea & Sky, Inc. v. Palm Beach Props., Inc.*, 426 F.2d 495 (5th Cir. 1970))(emphasis supplied). "[T]he liability results not only from disruption of the relationship but also from ***elimination of the injured party's ability to perform***." *Hayes*, 541 F. Supp. at 429 (emphasis supplied); *accord National Ass'n for Advancement of Colored People v. Overstreet*, 221 Ga. 16, 21 (1965) ("*NAACP*") ("Where one maliciously and wrongfully, and with intent to injure another person's business ***prevents others from dealing with him***, and his business is thereby injured, the person

thus injured has a cause of action against the person thus causing the injury for the loss and damage sustained") (citations omitted and emphasis supplied); *see also Interra Int'l, LLC,* 2017 WL 4866266, at *9 ("A cause of action for tortious interference with business relations encompasses interference with a prospective business relationship as well as existing ones, and liability results not only from disruption of the relationship but also from elimination of the injured party's ability to perform") (citations omitted).

The FAC properly pleads the first, second, and fourth elements of tortious interference with business relations for the same reasons it properly pleads the first, second, and fourth element of tortious interference with contractual relations because,- each of these elements is essentially the same in both causes of action. *See supra* at 6, 7, & 9 (respectively, Sections III(A), (B), & (D)).

The FAC also sufficiently pleads the third element of tortious interference with business relations, namely, "induc[ing] a third party or parties not to enter into or continue a business relationship with the plaintiff." *DeLong Equip.,* 887 F.2d at 1518. The FAC sufficiently pleads that Defendants induced a third party not to enter into or continue a business relationship with Plaintiff, which includes interference with prospective customers and which also includes elimination of the injured party's ability to perform and "prevent[ing] others from dealing with him." *See Hayes*, 541 F. Supp. at 429; *NAACP*, 221 Ga. at 21. Specifically, the FAC alleges that "Defendants' actions induced Amazon to discontinue selling FDW's accused [products] and to remove these products from Amazon's website, thereby making it impossible for FDW to continue selling these products on the Amazon website." FAC ¶ 135.

The FAC therefore sufficiently pleads a cause of action based on tortious interference with business relations.

## V. THE FAC SUFFICIENTLY PLEADS THE EXISTENCE OF A CONTRACT BETWEEN FDW AND AMAZON AND THAT DEFENDANTS WERE STRANGERS TO THAT CONTRACT.

Defendants' motion argues that the tortious interference with contract claim fails because Defendants were not strangers to the contract between Amazon and FDW. That argument is factually and legally inaccurate. Defendants were strangers to the contract between Amazon and FDW. Defendants were also strangers to the business relationships between FDW and FDW's potential customers.

While Defendants acknowledge they were not a party to the contract between FDW and Amazon, Defendants argue that under the "interwoven contracts" doctrine they are not strangers because both Defendants and FDW each had separate contracts (Seller Agreements) with Amazon and that therefore, the contracts were "interwoven."

Contrary to Defendants argument, the type of "interwoven" contracts that prevent a defendant from being a stranger to the contract at issue does not include the present situation, in which two directly-competing sellers have contracted with the same entity (Amazon). The examples of interrelated contracts cited by the Georgia Supreme Court, *Atlanta Market Center Management, Co. v. McLane*, 269 Ga. 604 (1998), bear no resemblance to the situation in the present case. The examples of interwoven contracts in *Atlanta Market Center* were:

- A comprehensive interwoven set of contracts which provided for the financing, construction, and transfer of ownership of real property. *Id.* at 609.
- Contracts in which the lessor was "an essential entity" to the subletting of space by its tenant since the tenant's right to sublease was set forth in the lessor's lease. *Id.*

The holding of *Atlanta Market Center* was that, in order to be liable for tortious interference, one must be a stranger to both the contract at issue and the business relationship giving rise to and underpinning the contract. *Id.* Defendants are strangers to both the contract between FDW and

Amazon and are also a stranger to the business relationship underpinning the Amazon/FDW contract. The fact that FDW's contract with Amazon consists of the same contract language as Defendants' contract with Amazon hardly renders them "interwoven" for purposes of pleading tortious interference. These are two separate and independent contracts, and FDW and Defendants are each a stranger to the others' contract.

Indeed, FDW and Defendants are direct competitors on the Amazon website. Such direct competitors constitute strangers under the relevant contract as a matter of law. *See e.g.*, *Interra Int'l, LLC*, 2017 WL 4866266, at *8 ("[T]he Court is not aware of [] any case holding two companies in direct competition . . . are not strangers to an agreement between one of the companies and a third party…. Because [defendant] ([plaintiff]'s direct competitor) was a stranger to the agreement between [plaintiff] and [the third party], [defendant]'s motion [to dismiss] on this issue fails"); *accord Witty v. McNeal Agency, Inc.*, 239 Ga. App. 554, 561 (1999) (determining that a competitor "was a stranger to the employment contract ... and acted without privilege").

## VI. THE FAC SUFFICIENTLY PLEADED SPECIFIC FACTS TO DEMONSTRATE THAT DEFENDANTS' ALLEGATIONS WERE OBJECTIVELY BASELESS

Defendants' motion argues on page 17 that the FAC "has not (and cannot) allege sufficient facts to support its conclusory allegation that Office Kick's patent infringement notice to Amazon was objectively baseless…." This argument is simply wrong. The FAC alleges detailed facts to demonstrate that the claims were objectively baseless, for each of the fifteen accused products (ASINs). For example, there are separate factual sections covering over 10 pages of allegations for the 79M and GDV products, which explain in detail why the allegations of infringement against these two products were objectively baseless. *See* FAC at pp. 9-17,

Section A ¶¶ 32-51 (entitled "Defendants' accusation of patent infringement regarding FDW's 79M and GDV desk converters was frivolous and objectively baseless"); *id.* at 17-19, Section B ¶¶ 52-58 (entitled "Defendants accusation of patent infringement was also frivolous and objectively baseless because the 79M and GDV desk converters constitute prior art to the '773 patent"). On this motion, all of these allegations must be accepted as true. *See Bryant*, 187 F.3d at 1273 n.1.

The FAC also pleads detailed factual allegations to explain why Defendants' accusations of infringement against the additional thirteen products (ASINs) were objectively baseless. *See* FAC ¶¶ 59-98. Again, all of these allegations must be accepted as true for purposes of the pending motion.[1]

For the forgoing reasons, the Court should reject Defendants' argument that the FAC insufficiently pleads that Defendants' conduct was objectively baseless.

## VII. THE FAC SUFFICIENTLY PLEADS DEFENDANTS' "SPECIFIC INTENT"

With respect to the subjective requirement to substantiate bad faith, Defendants' motion argues inaccurately that the FAC fails to allege "specific intent" with particularity under Fed. R. Civ. P. 9(b). *See* Defs.' Motion at 18. Contrary to Defendants' argument, particularity is not required to allege specific intent. Specific intent need only be alleged generally. *See* Rule 9(b); *see also Mizzaro*, 544 F.3d at 1237 (defendant's state of mind including "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally.").

The FAC sufficiently pleads that Defendants possessed the specific knowledge and intent that the asserted patents were not valid and not infringed. *See, e.g.*, FAC ¶¶ 13, 53, 138 and 140;

[1] Defendants' citation to *Canfield Sci., Inc. v. Melanoscan, LLC,* No. CV 16-4636, 2017 WL 2304644, at *10 (D.N.J. May 25, 2017) is inapposite because (unlike the present case) there were no allegations explaining why the accusations of infringement were objectively baseless and no allegations sufficiently alleging bad faith.

*see also supra* at 7 (Section III(B)). These allegations, which must be accepted as true for the pending motion to dismiss (*see Bryant*, 187 F.3d at 1273 n.1) sufficiently plead Defendants' specific intent under Rule 9(b). Defendants' argument to the contrary should be rejected.

## VIII. THE FAC COMPLIED WITH RULE 9(b).

Defendants' motion acknowledges that the FAC does not plead a claim for common law fraud, but nevertheless argues—inaccurately—that the FAC fails to plead fraud with particularity under Fed. R. Civ. P. 9(b). Defendants argue that the heightened pleading standard of Rule 9(b) applies to FDW's allegations of tortious interference.

Even assuming the heightened pleading standard of Rule 9(b) is required to support the FAC's tortious interference claims, that heightened standard has been easily satisfied. To state a claim of common law fraud under the heightened pleading standard of Rule 9(b), the plaintiff must state with "particularity the circumstances constituting fraud." *Hester v. UMR, Inc.*, No. 5:16-cv-82-LGW, 2017 WL 4318027 (S.D.Ga. Sept. 28, 2017). These circumstances (for common law fraud) include "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled [Plaintiff]; and (4) what the defendants gained by the alleged fraud." *Id.* (quoting *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1381 (11th Cir. 1997)).

To the extent a heightened pleading requirement could even arguably apply to FDW's tortious interference claim, that heightened standard has been met by pleading the following:

- The precise statements constituting misrepresentations: the FAC sufficiently pleads that the misrepresentations consisted of Defendants' false accusations that each of FDW's fifteen ASINs infringed one or more of Office Kick's three asserted patents, respectively. *See* FAC ¶¶ 2, 13, 18, 19, 26, 27, 68, 74, 75, 87.

- The time, place, and person responsible for these misrepresentations: the FAC sufficiently pleads that the misrepresentations were made to Amazon in writing by Defendants' counsel at the request of Defendants, and were made shortly before the date

of Amazon's removal of each product. *See, e.g.,* FAC ¶¶26, 27, 20, 101.

- The content and manner in which these statements misled [Plaintiff]: The requirement of Plaintiff's "reliance" is required for a common law fraud claim, but is not required for the tortious interference claims at issue in the present motion to dismiss.

- What Defendants gained by the alleged misrepresentations: the FAC sufficiently alleges that Defendants gained because FDW's competing products were removed from Amazon's website, thereby minimizing competition for Defendants' products. *See* FAC ¶¶ 3, 12, 19, 27, 29, 69, 71, 76, 84, and 88.

The FAC therefore sufficiently pleads with particularity the circumstances relating to fraud/misrepresentations to the extent arguably required for FDW's tortious interference claims. *See* Fed. R. Civ. P. 9(b). It is important to consider that Rule 9(b) does not abrogate notice pleading. *Ziemba v. Cascade Int'l., Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001). The Federal Rules governing pleading were designed to "reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Friedlander v. Nims,* 755 F.2d 810, 813 n.3 (11th Cir. 1985). "[A] court considering a motion to dismiss for failure to plead fraud with particularity should always be careful to harmonize the directives of rule 9(b) with the broader policy of notice pleading." *Id.*

"At the pleading stage, the relevant question is whether the complaint provides 'a short and plain statement of the claim' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Hunt*, 814 F.3d at 1221 (citations omitted). It is clear from Defendants' motion to dismiss that there is no doubt or confusion in Defendants' minds regarding the basis of FDW's claims for tortious interference and that Defendants' false and bad faith accusations of infringement to Amazon were adequately pleaded. The Court should reject Defendants' argument that the FAC fails to comply with Rule 9(b).

## IX. THE ARGUMENT THAT AMAZON "ACCEPTED" THE CLAIM DOES NOT NEGATE FDW'S ALLEGATIONS THAT DEFENDANTS' CLAIMS OF INFRINGEMENT WERE OBJECTIVELY BASELESS AND FRIVOLOUS.

Defendants motion argues that "Amazon makes its own internal assessment of infringement claims, and determines whether to accept or reject the reporting." (Defs. Motion at 5). The motion further argues that Amazon purportedly conducted "an independent investigation" into Defendants accusations of infringement and purportedly found them "valid." (*Id.* at 10). The motion further argues that Amazon "accepted" Defendants accusations of infringement. (*Id*. at 5). Defendants argue that these purported "facts" (which appear solely as attorney argument in Defendants' motion, not in the FAC) "demonstrate that Defendants' actions were not 'objectively baseless' and were…objectively reasonable." (*Id.* at 20 n.16).

Absolutely no evidence exists to support that Amazon did in fact conduct any investigation at all, much less an independent investigation or that any "neutral" was involved. But even if Defendants' "facts" as alleged in its motion to dismiss were taken as true (which would be improper on Defendants' motion to dismiss), they would still be insufficient to support a dismissal. There is no information (much less evidence) regarding: what materials were provided to Amazon to support the alleged infringement; what materials Amazon actually considered; what standards were applied in the purported investigation; who was involved in the purported investigation or what their qualifications were; or what Amazon did to supposedly "evaluate" the infringement claims. Further, no evidence exists that Amazon did in fact conduct any investigation nor that whomever conducted that purported investigation was qualified to do so. There is no information (much less evidence) that Amazon did anything here but simply "accept" Defendants' false claims of infringement at face value.

For the foregoing reasons, Defendants' argument that Amazon "accepted" their claims of

infringement does not even come close to negating the allegations in the FAC that the claims of infringement were objectively baseless. The Court should reject the argument.

## X. NEITHER THE *NOERR-PENNINGTON* DOCTRINE NOR FEDERAL PATENT LAW PREEMPT THE TORTIOUS INTERFERENCE CLAIMS IN THIS CASE

Defendants' brief argues that the *Noerr-Pennington* doctrine shields them from liability (Defs. Motion at 16-18) and also argues that federal patent laws preempt FDW's claims of tortious interference. (*Id.* at 18-20). However, Defendants' motion admits, as it must, that in cases in which defendants raised patent infringement claims in bad faith, the *Noerr-Pennington* doctrine does not apply, and the federal patent laws do not result in preemption. (*See generally Id.*, respectively, at 16-18 & 18-20).

For example, Defendants' motion cites to *Andrx Pharm., Inc. v. Elan Corp.*, PLC, 421 F.3d 1227, 1234 (11th Cir. 2005), which explains that the *Noerr-Pennington* doctrine does not apply when patent infringement allegations were "objectively baseless" and the defendant held "a subjective motivation to interfere directly with the business relationships of a competitor." (Defs. Motion at 17).

Likewise, Defendants' motion also admits that the federal patent laws do not preempt state law tort claims, such as tortious interference, when defendant's assertions of patent infringement were made in objective and subjective bad faith. (*See* Defs. Motion at 18-20, citing *Globetrotter*, 362 F.3d at 1374; *Iguana*, 835 F. Supp. 2d at 1379; *800 Adept*, 539 F.3d at 1370).

As has been pointed out repeatedly in the prior sections of this brief, the FAC does in fact sufficiently plead bad faith, alleging that Defendants' infringement claims were objectively baseless (*see, e.g.*, *supra* at 2-4 (Section II)) and were made in subjective bad faith with specific intent to interfere directly with FDW's business. *See, e.g.*, *supra* at 4-5. Because the FAC

sufficiently pleads both objective and subjective bad faith conduct by Defendants, the *Noerr-Pennington* doctrine does not apply, and the federal patent laws do not preempt Defendants' claims of tortious interference. The Court should reject Defendants' arguments based on these doctrines.

## XI. ITOUCHLESS CASE IRRELVANT TO THE PRESENT ACTION

Defendants also cite *FDW v. iTouchless Housewares & Prods., Inc.*, No. 1:18-cv-4091-CAP (N.D.Ga. Nov. 29, 2018) (Order dismissing complaint). (A copy of this unreported opinion is attached to this brief as Exhibit A for the Court's convenience.) The *iTouchless* opinion is legally inapposite to the present case because it did not involve a claim of patent infringement.

Most importantly, the *iTouchless* opinion is irrelevant to the present motion because it did not involve any accusations that the defendants' actions were wrongful or fraudulent. This critical distinction is revealed by Defendants' motion's quotation from the *iTouchless* opinion: "[T]he plaintiff characterizes these requests [to make changes to the plaintiff's Amazon ASIN listings] as improper but makes no factual allegations to support these characterizations. ***In the absence of allegations that the actions by the defendant were somehow fraudulent or wrongful in some way***, the claims for tortious interference fail." (*See* Defs. Motion, at 2 n.1 (quoting *iTouchless* opinion) (emphasis supplied)).

As has been repeated explained herein, the FAC ***does*** allege bad faith conduct by the Defendants, both objectively and subjectively. The *iTouchless* opinion therefore provides no support to Defendants' motion to dismiss.

## XII. THE FAC SUFFICIENTLY PLEADS A CIVIL CONSPIRACY

Defendants' motion further argues the FAC fails to state a claim for civil conspiracy. Defs. Motion at 20-24. Defendants' raise four arguments to support the motion, none of which

are valid.

First, Defendants argue that there is no underlying tort to support the conspiracy. This argument is based on the inaccurate presumption that the FAC fails to plead a claim for tortious interference. As has been explained in detail, the FAC does sufficiently plead a cause of action for both tortious interference with contractual relations and tortious interference with business relations. Defendants' argument on this point is therefore without merit.

Second, Defendants argue that Defendants cannot conspire with each other because they share a common owner. However, the general rule under Georgia law is that corporations are separate, artificial entities, and unless the two corporate entities are in effect one and the same company, they ***can*** conspire with each other.

> The courts of this state have said many times that a corporation and its owner, even a sole owner, are separate and distinct.... A corporation is an artificial person created by law. The corporate identity is entirely separate from the identity of its officers and stockholders. A corporation and even its sole owner are two separate and distinct persons. Thus, because a corporation and its sole shareholder are two distinct persons, they may be held liable for conspiring with each other.

*White v.* Shamrock *Bldg. Systems, Inc.*, 294 Ga. App. 340, 175 (2008); *see also NW Plaza, LLC (MI) v. NE Enters., Inc.,* 305 Ga. App. 182, 193 (2010) ("[B]ecause a corporation and its shareholders are distinct persons, they may be held liable for conspiring with each other") (internal quotation marks, brackets, ellipses, and citations omitted); *Cabot Creekside Acquisition, LLC v. Chardonnay Assocs., LLC,* No. 1:07-cv-3182-JEC, 2011 WL 13174233, at *12 (N.D.Ga. Sept. 14, 2011) ("a corporation and its sole shareholder are two distinct persons, they may be held liable for conspiring with each other").

The mere fact that one company exercises some control over another, or one company owns another, is not sufficient to invoke application of the intracorporate conspiracy rule. Only when the two corporate entities are so intertwined or one exercises so much control over the

other that the two must be treated as essentially the same entity does the intracorporate conspiracy doctrine become applicable. In that atypical circumstance, the two entities cannot conspire with each other because "an entity cannot conspire with itself."

This legal principle is illustrated in Defendants' own cited case of *Strickland v. Chase Bank USA, NA*, No. 1:08-cv-3270-WSD-RGV, 2009 WL 10712256, at *15 n.18 (N.D.Ga. July 2, 2009) ("[T]o the extent plaintiff claims that [defendant] conspired with its wholly owned subsidiary, . . . there is not a sufficient basis for the Court to conclude that the intracorporate conspiracy doctrine is applicable as there is no allegation in the complaint regarding the amount of control [defendant] exercised over [its subsidiary]"). The degree of control that one corporation has over another is a factual matter that cannot be resolved on a motion to dismiss, as illustrated by the *Strickland* opinion.[2]

Nevertheless, Defendants' own motion to dismiss demonstrates why the intracorporate conspiracy doctrine is inapplicable to the present case. Defendants' motion advises that neither Defendants owns the other, but instead they are owned by a third person, Mr. Chance Knapp. Defs. Motion. at 23. Assuming the truth of Defendants' assertions on this point, then neither Defendant exercises control over the other. The Defendants must therefore be treated as separate corporate entities, and under the general rule in Georgia, they ***can*** conspire with each other. *White*, 294 Ga. App. at 175.

Third, Defendants' motion argues that there is no conspiracy because Defendants were legally entitled to enforce their patent rights. As previously noted herein, Defendants were ***not***

[2] Defendants' further citation (Defs. Motion at 22) to two U.S. Supreme court cases (*Ziglar* and *Copperweld*) is inapposite because those cases are addressing *sui generis* issues under federal antitrust law. They are not applicable to the state law tortious interference claims at issue in the present motion.

legally entitled to enforce the patent rights in bad faith, which is alleged in the FAC. *See supra*, at 6 (Section III(A)).

Finally, Defendants' motion incorrectly argues that the FAC alleges insufficient details regarding the alleged conspiracy. "The gist of the [civil conspiracy] action ... is not the conspiracy alleged, but the tort committed against the plaintiff and the resulting damage." *Lucky Capital Mgmt,, LLC v. Miller & Martin, PLLC*, 762 F. App'x 719, 726 (11th Cir. 2019) (reversing district court's dismissal of civil conspiracy claim) (internal quotation marks omitted). When the underlying tort claim is adequately pleaded, "the existence of a conspiracy may 'be inferred from the nature of the acts done, the relation of the parties, the interests of the alleged conspirators, and other circumstances." *Id.* at 727 (internal quotation marks and citations omitted). Contrary to Defendants' argument, the FAC alleges that Defendants conspired with each other to hire counsel to raise with Amazon the objectively baseless accusations of bad faith, with specific intent to harm FDW. *See, e.g.*, FAC ¶¶ 13, 26, 27, 140 & 141. Given that the FAC adequately pleads the underlying tort of tortious interference, these conspiracy allegations sufficiently allege the civil conspiracy between the Defendants.

## XIII. IF THE COURT FINDS THE COMPLAINT IS DEFICIENT IN SOME REGARD, THE COURT SHOULD ALLOW FDW AN OPPORTUNITY TO FILE AN AMENDED PLEADING

Alternatively, if the Court perceives any deficiency in the state law claims asserted in the FAC, FDW hereby requests leave to file an amended pleading. Such leave to amend should be "freely given," and the outright refusal to grant such leave without any justification constitutes abuse of discretion and is "inconsistent with the spirit of the Federal Rules." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see, e.g.*, *Releana*, at *3 (allowing an opportunity to replead tortious interference claims based on bad faith assertion of patent infringement).

Respectfully submitted, this 23d day of June, 2021.

SMITH, GAMBRELL & RUSSELL, LLP

By: /s/ William F. Long
William F. Long (appearing pro hac vice)
Georgia Bar No. 457490
Matthew P. Warenzak (appearing pro hac vice)
Georgia Bar No. 624484
Morgan V. Manley (appearing pro hac vice)
1105 W. Peachtree Street N.E., Suite 1000
Atlanta, Georgia 30309
Tel.: (404) 815-3500
blong@sgrlaw.com
mwarenzak@sgrlaw.com
mmanley@sgrlaw.com

OLIVER MANER LLP

By: /s/ Paul H. Threlkeld
Paul H. Threlkeld
Georgia Bar No. 710731
P.O. Box 10186
Savannah, GA 31412
(912) 236 – 3311
pht@olivermaner.com

*Attorneys for Plaintiff Factory Direct Wholesale LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this June 23, 2022, a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to registered counsel electronically.

Jason Carl Pedigo
**ELLIS PAINTER RATTEREE & ADAMS LLP**
7 East Congress Street, 2nd Floor
Savannah, GA 31401
(912) 233-2281
pedigo@ellispainter.com

Benjamin T. Horton
(appearing pro hac vice)
Chelsea M. Murray
(appearing pro hac vice)
Ryan N. Phelan
(appearing pro hac vice)
**MARSHALL, GERSTEIN & BORUN LLP**
233 S. Wacker Drive, Suite 6300
Chicago, IL 60606
(312) 474-6300
bhorton@marshallip.com
cmurray@marshallip.com
rphelan@marshallip.com

*/s/ William F. Long*
William F. Long
Georgia Bar No. 457490