UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| FACTORY DIRECT WHOLESALE, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| OFFICE KICK, INC., and CKNAPP SALES, INC. | ) ) ) ) | |
| Defendants. | ) ) | CV421-368 |
| OFFICE KICK, INC., and CKNAPP SALES, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| FACTORY DIRECT WHOLESALE, LLC, DEFU USA, LLC, and HANPING LIU, | ) ) ) ) | |
| Counterclaim Defendants. | | |

**AMENDED SCHEDULING ORDER**

The parties jointly request a modification to the discovery schedule. Doc. 119. The previous scheduling order in this case set certain deadlines as contingent on the Court's claim construction ruling. *See, e.g.*, doc. 109 at 2 (setting a deadline of "30 days after Close of Factual Discovery or 75 days after the Court's claim construction ruling, whichever is later"). After the Court issued its claim construction ruling, doc. 117, the Court directed the parties to confer and submit an amended scheduling order, doc. 118. With the parties having held a scheduling conference pursuant to the Court's Order on September 22, 2023, doc. 119 at 1, and for good cause

1

shown, the following deadlines shall apply. These deadlines shall not be extended except upon a specific showing of good cause and order of the Court. Fed. R. Civ. P. 16(b)(4). It is the Court's expectation that the parties will not need an extension of these deadlines. The showing of good cause necessary to obtain an extension of any of these deadlines requires a specific showing of what the parties have accomplished to date in discovery, what remains to be accomplished, and why the parties have not been able to meet the Court's deadlines. Bare boilerplate assertions such as "the parties have diligently pursued discovery to date, but additional time is necessary" will not suffice to establish good cause.

Additionally, should any party seek an extension of these deadlines or seek the extension of any other deadline in this case (including an extension of a deadline to respond to a motion or file any other pleading), the party should first contact all other parties and determine if the other parties join in, consent to, or oppose the request for an extension. When filing the motion for an extension, the party requesting the extension must state in their motion for an extension whether the other parties join in, consent to, or oppose the request for an extension.

| | |
|---|---|
| CLOSE OF FACTUAL DISCOVERY | November 30, 2023 |
| INITIAL EXPERT WITNESS DISCLOSURES AND REPORTS— ISSUES ON WHICH EACH PARTY BEARS THE BURDEN OF PROOF | December 21, 2023 |
| SECOND EXPERT WITNESS DISCLOSURES AND REPORTS | January 11, 2024 |
| REBUTTAL EXPERT WITNESS DISCLOSURES AND REPORTS | January 25, 2024 |
| DEPOSITIONS OF EXPERT WITNESSES END | February 29, 2024 |
| STATUS REPORT DUE[1] | March 14, 2024 |

---

1  A Post-Discovery Status Report Form for Judge Baker's cases is available on the Court's website www.gas.uscourts.gov under "forms." The parties are directed to use the content and format contained in this Form when reporting to the Court.

| | |
|---|---|
| LAST DAY FOR FILING ALL CIVIL MOTIONS, INCLUDING *DAUBERT* MOTIONS, BUT EXCLUDING MOTIONS IN LIMINE | April 10, 2024 |

**SO ORDERED**, this 5th day of October, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA