IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FACTORY DIRECT WHOLESALE, LLC, <br><br>    Plaintiff/<br>    Counterclaim-Defendant,<br><br>  v.<br><br>OFFICE KICK, INC.; and CKNAPP Sales, Inc.;<br><br>    Defendants/<br>    Counter-Claimants,<br><br>  v.<br><br>DEFU USA, LLC; and HANPING LIU,<br><br>    Third-Party Counterclaim-<br>    Defendants. | CIVIL ACTION NO.: 4:21-cv-368 |

**O R D E R**

This case arises from a dispute between competing manufacturers of adjustable desk converters. Presently before the Court are two separate Motions to Dismiss filed by Third-Party Counterclaim-Defendants Defu USA, LLC ("Defu USA"), (doc. 91), and Hanping Liu, (doc. 92), as to certain claims asserted against them by Counterclaimants Office Kick, Inc. ("Office Kick"), and CKNAPP Sales, Inc. ("CKNAPP").[1]  Both Defu USA and Liu argue that the Court must dismiss any claims against them based on a theory of veil piercing or alter ego because the Counterclaimants have not set forth sufficient facts to support such claims.  (Doc. 91, 92.)  The

---

[1] Neither Defu USA nor Liu were parties to this case until Office Kick and CKNAPP, in asserting Counterclaims against Plaintiff, also made substantively the same allegations and claims against Defu USA and Liu.  (See doc. 81.)

Court agrees that Counterclaimants have failed to adequately plead facts to hold Defu USA or Liu liable under a veil piercing or alter ego theory. Thus, the Court **GRANTS IN PART** Defu USA's Motion, (doc. 91), and **GRANTS** Liu's Motion, (doc. 92), and **DISMISSES** any claims against Defu USA and Liu that are based on a veil piercing or alter ego theory. However, unlike Liu, who only seeks partial dismissal of the counterclaims, Defu USA argues that all counterclaims against it should be dismissed because all counterclaims rely upon a veil piercing or alter ego theory. (Doc. 91.) Counterclaimants also proceed against Defu USA and Liu under theories of direct liability. Thus, the Court **DENIES** Defu USA's Motion, (doc. 91), to the extent it seeks dismissal of counterclaims other than those based on a veil piercing or alter ego theory.

## BACKGROUND

This case was originally brought by Plaintiff Factory Direct Wholesale, LLC ("FDW") against Office Kick and CKNAPP, alleging, *inter alia*, that Defendants engaged in a civil conspiracy to tortiously interfere with FDW's contractual relationship with non-party Amazon, Inc ("Amazon"). (Doc. 15 (Amended Complaint).) Specifically, FDW alleges that Defendants filed frivolous notices to Amazon that certain desk converters sold by FDW on Amazon's website were infringing Defendants' patents, resulting in Amazon removing FDW's products from the site. (Id. pp. 6–9.) FDW also seeks declaratory relief that its products did not infringe Defendants' patents. (Id.) Defendants thereafter filed a Motion to Dismiss, (doc. 32), which this Court denied, (doc. 75).

Defendants (henceforth, "Counterclaimants"), subsequently brought various Counterclaims against FDW, Defu USA, and Liu for patent infringement in violation of 35 U.S.C. § 271(a) (Counts I, II, and III) and fraud (Count IV).[2] (Doc. 81, pp. 42–49.) Specifically,

---

[2] Counterclaimants also assert a violation of the Georgia Uniform Deceptive Trade Practices Act, O.C.G.A. § 10-1-371 *et seq.*, against FDW individually. (Doc. 81, pp. 49–51.)

Counterclaimants allege that FDW, Defu USA, and Liu, directly and indirectly manufactured and sold products that infringed three of Counterclaimants' patents. (Id. at pp. 41–46.) According to Counterclaimants, Liu is FDW's "Organizer/Manager" and "CEO." (Id. at p. 32.) The Counterclaimants further allege that FDW's sole member is Defu USA, whose sole member/owner is Liu. (Id.) Therefore, Counterclaimants allege, Defu USA is merely the "alter ego" of Liu, and "Liu is abusing Defu USA's corporate form to promote fraud and/or injustice through FDW and other related entities." (Id.) More specifically, Counterclaimants allege that Liu controlled FDW's actions with respect to the allegedly infringing products. (Id. at pp. 42, 44–45.) Counterclaimants further allege that Defu USA, as the single member and owner of FDW, directed FDW to engage in the alleged infringement. (Id. at pp. 42–46.)

Defu USA and Liu thereafter filed separate Motions to Dismiss, both relying predominantly on Counterclaimants' failure to adequately allege a veil piercing theory. (Docs. 91, 92.) In Liu's Motion to Dismiss, he challenges Counterclaimants' reliance on the alter ego theory that as, "sole owner and CEO of . . . Defu USA[, he] exerts complete control of Defu USA." (Doc. 92, p. 2.) Specifically, he argues that Counterclaimants have merely alleged legal conclusions, with no supporting facts, and moreover, that Counterclaimants have not alleged that Defu USA is insolvent, as required to pierce the corporate veil. (See generally id.) Similarly, Defu USA seeks dismissal for all claims against it because "insufficient facts have been alleged to support a plausible claim of vicarious liability against Defu USA." (Doc. 91, p. 3.) The issues have been fully briefed and are ripe for review. (Docs. 91, 92, 96, 97, 99, 100.)

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). A claim

is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  When evaluating a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  Belanger v. Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009). However, this tenet "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft, 556 U.S. at 678.  Rather, "[a] complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012) (quoting Ashcroft, 556 U.S. at 678).

       The plausibility standard is "not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Ashcroft, 556 U.S. at 678 (internal quotation marks and citation omitted).  Dismissal under Rule 12(b)(6) is also permitted "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); see also Neitzke v. Williams, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12 allows a court "to dismiss a claim on the basis of a dispositive issue of law").

**DISCUSSION**

**I.      Liu's Motion to Dismiss (Doc. 92)**

In the general factual allegations section of its Counterclaims, Counterclaimants allege that Defu USA is "merely the alter ego of . . . Liu, and . . . Liu is abusing Defu USA's corporate form to promote fraud and/or injustice through FDW and other related entities." (Doc. 81, p. 20.) Within Counts I through III (for infringement of various patents), Counterclaimants additionally allege that Liu, "as the sole owner and 'Organizer/Manager' of FDW, made the decision to manufacture, use, sell and/or offer for sale" the product that allegedly violated the given patents. (Id. at 42–45.) Within Count IV (for fraud under Georgia law), Counterclaimants allege that Liu, "as the sole 'Organizer/Manager/ of FDW and the sole owner and CEO if Defu USA (i.e., the sole member of FDW), made the decision to alter the images" that underly the fraud claim. (Id. at 49.)

Liu moves to Dismiss any and all claims asserted against him to the extent that they "are premised upon an alter ego theory or piercing the corporate veil." (Doc. 92, p. 8.) Liu contends that the Court should dismiss all claims that rely on this alter ego theory because (1) "the Counterclaims merely allege a legal conclusion of 'alter ego' without any supporting facts"; and (2) "the Counterclaim[s] do[] not allege that Defu USA is insolvent," which, Liu contends, is a precondition to piercing its corporate veil under an alter ego theory. (Doc. 92, p. 2.)

In their Response, Counterclaimants rely upon their allegation that Liu "is individually liable in this case because he *personally participates* in the infringing and fraudulent activities described in the complaint." (Doc. 97, p. 7.) For certain, if "a member of an LLC may be held individually liable 'if he or she personally participates or cooperates in a tort committed by the LLC or directs it to be done.'" Chesapeake Employers' Ins. Co. v. Eades, 77 F. Supp. 3d 1241, 1260 (N.D. Ga. 2015) (quoting Sun Nurseries, Inc. v. Lake Erma, LLC, 730 S.E.2d 556, 563 (Ga.

5

Ct. App. 2012)); see also Milk v. Total Pay & HR Sols., Inc., 634 S.E.2d 208, 213 (Ga. Ct. App. 2006). "In such a circumstance, it is not necessary that a plaintiff pierce the corporate veil in order to hold an individual [member] liable." Light for Life, Inc. v. Our Firm Found. for Koreans, Inc., No. 3:12-CV-38 CAR, 2012 WL 4397421, at *5 (M.D. Ga. Sept. 24, 2012). However, Liu's Motion is explicitly limited to seeking dismissal of claims to the extent that they seek to hold Liu liable on the theory that Defu USA is his alter ego. As Liu clarifies in his Reply, "at no point . . . does he request that the Court dismiss *all* claims against him," but only those claims "based on alter ego/piercing the corporate veil." (Doc. 100, p. 1 (emphasis added).) Counterclaimants' Response does not address this argument head on, and in fact all but explicitly abandons the alter ego theory as a basis for holding Liu liable for any infringement or fraud committed by Defu USA. (Doc. 97, p. 12 n. 3 ("Office Kick need not address Mr. Liu's arguments regarding piercing the corporate veil and the alleged insolvency requirement for piercing the corporate veil, as 'it is not necessary that a plaintiff pierce the corporate veil in order to hold an individual officer liable,' where the complaint includes allegations 'sufficient to allege Individual Defendant's personal participation in tortious conduct.'") (quoting Light for Life, Inc., 2012 WL 4397421, at *5.) Instead, Counterclaimants assert that the Court need not conduct a veil piercing analysis because the Counterclaims sufficiently plead that Liu personally participated in FDW's alleged infringement and fraud and that Office Kick has "at the very least stated 'plausible' claims against Mr. Liu individually." (Id. at p. 5.)

The alter ego theory that Liu seeks to shield in his Motion to Dismiss is distinct from a theory of personal participation relied upon by Counterclaimants in their Response. As a general rule, "a member of an LLC 'is considered separate from the company and is not a proper party to a proceeding by or against a[n] [LLC], solely by reason of being a member of the [LLC].'"

6

Insituform Techs., LLC v. Cosmic TopHat, LLC, 959 F. Supp. 2d 1335, 1344–45 (N.D. Ga. 2013) (quoting Global Diagnostic Dev., LLC v. Diagnostic Imaging of Atlanta, 643 S.E.2d 338, 341 (Ga. Ct. App. 2007)); see O.C.G.A. §§ 14–11–303(a), 14-11-1107(j).  In other words, "a member of [an] [LLC] [is] 'veiled' from personal liability for the debts of the separately maintained LLC entity."  Milk, 634 S.E.2d at 212.  However, "Georgia courts will, in appropriate circumstances, apply equitable principles to disregard the corporate entity—otherwise known as piercing the corporate veil or the alter ego doctrine—and hold a corporation's shareholder or shareholders responsible for the corporation's debts."  Functional Prod. Trading, S.A. v. JITC, LLC, No. 1:12-CV-0355-WSD, 2014 WL 3749213, at *5 (N.D. Ga. July 29, 2014).  The doctrine of piercing the corporate veil likewise applies to LLCs and their members.  Id.

The Eleventh Circuit Court of Appeals has held that, to establish the alter ego doctrine to pierce the corporate veil under Georgia law, the plaintiff must show:

> [1] that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs;
>
> [2] that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and
>
> [3] to adhere to the doctrine of corporate entity would promote injustice or protect fraud.
>
> To justify piercing the corporate veil, the plaintiff must show [that] the owner abused the corporate form by disregarding the separateness of legal entities by commingling [funds] on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control.

Dearth v. Collins, 441 F.3d 931, 934–35 (11th Cir. 2006) (internal citations and quotations omitted).

Counterclaimants have failed to plausibly allege that Liu is Defu USA's alter ego.  Though Counterclaimants neglected, in their Response, to point the Court to any particular allegations in the Counterclaims to support alter ego liability, the Court has closely reviewed the Counterclaims.

7

Counterclaimants allege only that "Liu is the sole owner of Defu USA," and that "Liu is abusing Defu USA's corporate form to promote fraud and/or injustice through FDW and other related entities." (Doc. 81, p. 20.) Beyond this conclusory statement, however, Counterclaimants have failed to allege facts showing *how* Liu "abused [Defu USA's] LLC form." Lokey v. F.D.I.C., 608 F. App'x 736, 738 (11th Cir. 2015) (refusing to pierce the corporate veil where there was no evidence to suggest "commingling of personal and LLC business or similar abusive conduct"). Although Counterclaimants allege that Liu is the "sole owner and CEO of Defu USA" and that Liu "knowingly controlled and directed FDW's actions" "through his position at Defu USA," (doc. 81, pp. 32, 42), "sole ownership of a corporation by one person is not a factor, nor is the fact that the sole owner uses and controls it to promote his ends." Global Diagnostic, 643 S.E.2d at 341; see also Pak-Tec, Inc. v. Imaje Ink Jet Printing Corp., No. 1:03-CV-1249-TWT, 2005 WL 8154327, at *3 (N.D. Ga. Oct. 21, 2005) ("Even showing a party owns and controls a corporation for personal ends, however, does not demonstrate an abuse of the corporate entity."). Counterclaimants do not allege that Liu commingled or confused Defu USA's corporate records, assets, or finances with his own or otherwise disregarded the separateness of himself and Defu USA. Given the dearth of factual allegations to support the alter ego theory, it is unnecessary for the Court to review each of the three distinct requirements outlined above. The Court finds that Counterclaimants have failed to plausibly allege facts to support piercing the corporate veil and holding Liu liable for any infringement (Counts I through III) or fraud (Count IV) committed by Defu USA. See, e.g., ThermoLife Intern., LLC v. Hi-Tech Pharm., Inc., No. 1:15-CV-00892-ELR, 2019 WL 12291344, at *5–7 (N.D. Ga. Nov.15, 2019) (finding complaint showed a lack of a plausible basis to pierce the corporate veil where the relevant allegations were mere legal conclusions and did not show commingling of funds or disregard of separate properties).

Accordingly, Liu's Motion to Dismiss the Counterclaims insofar as they are premised on a theory of alter ego/veil piercing is **GRANTED**.[3]  (Doc. 92.)

II.     **Defu USA's Motion to Dismiss (Doc. 91)**

Defu USA requests the dismissal of "all of [the] counterclaims asserted against it." (Doc. 91, p. 1.)  According to Defu USA, "the only liability alleged against Defu USA is vicarious liability through its ownership and corporate control of FDW" and, therefore, the Counterclaims can only proceed against Defu USA under a veil piercing or alter ego theory.  (Id. at p. 5.)  However, Defu USA contends that the Counterclaims contain no allegations that FDW was Defu USA's alter ego.  (Id.)

While it is true that Counterclaimants seek to hold Defu USA vicariously liable for *FDW's conduct* under an alter ego theory, it is clear from the pleadings that Counterclaimants *also* seek to hold Defu USA individually liable for Defu USA's own alleged misconduct.  For example, the Counterclaims allege that Defu USA has "commit[ed] acts of infringement in this judicial district[] either *directly* or indirectly." (Doc. 81, pp. 22–23 (emphasis added); see also id. at p. 26 ("Defu USA engaged in improper conduct constituting infringement, either *directly* or indirectly.") (emphasis added).)  Additionally, the Counterclaims tellingly refer numerous times to "*Defu USA's*" infringement, fraud, and unlawful conduct, rather than FDW's. (Id. at pp. 26, 41–51 (emphasis added).) These are clear allegations of direct liability that do not rely on vicarious liability theories.

As previously set forth, an LLC member may be held *individually* liable—without having to pierce the corporate veil or find the member to be an alter ego—provided the plaintiff has plausibly alleged that the member participated in or directed a tort committed by the parent LLC.

---

[3] To reiterate, the Court expresses no opinion as to whether Counterclaimants have stated a claim against Liu individually, based on any personal participation in the alleged fraud and infringement.

See Milk, 634 S.E.2d at 213 ("An LLC member may be held individually liable if he or she personally participates or cooperates in a tort committed by the LLC or directs it to be done."). Counterclaimants have met this burden. Both claims asserted against Defu USA—patent infringement and fraud—are considered torts. Wordtech Sys., Inc. v. Integrated Networks Sols., Inc., 609 F.3d 1308, 1313 (Fed. Cir. 2010) (patent infringement); Xerox Corp. v. Long Cnty. Bd. of Educ., No. 2:05-cv-175, 2006 WL 753196, at *7 (S.D. Ga. Mar. 21, 2006) (fraud). The Counterclaims repeatedly allege that "Defu USA, as the single member and owner of FDW, directed, encouraged, caused, urged, and/or allowed FDW to engage in the" fraudulent and infringing acts set forth in the Counterclaims. (Doc. 81, pp. 26, 41, 42, 44, 46.) Furthermore, Counterclaimants allege that FDW has "[sold and offered] for sale infringing products . . . via FDW, and . . . committ[ed] acts of infringement . . . by directing, overseeing, and/or encouraging FDW to partake in acts constituting infringement." (Id. at pp. 22–23.) Additionally, the Counterclaimants allege they have been harmed "due to . . . Defu USA's . . . deceitful, fraudulent, and infringing activities." (Id. at p. 41.) Thus, it is incorrect to assert that "the claims against Defu USA are based *solely* upon alleged vicarious liability." (Doc. 92, p. 2) (emphasis added).[4]

Based on the forgoing, Counterclaimants have plausibly alleged that Defu USA participated in the infringement and fraud, and, thus, it could be held directly liable should such claims be proved. Therefore, Counterclaimants need not have stated a claim that Defu USA is FDW's alter ego to avoid dismissal. Defu USA requests the Court to dismiss "all of [the] counterclaims asserted against it," (doc. 91, p. 1), but this Motion is denied as it pertains to any

---

[4] It is immaterial that Defu USA is an entity rather than a natural person. A "member" is simply "a person who has been admitted to a limited liability company as a member." O.C.G.A. § 14–11–101. A "person" includes both "individual[s and] business entit[ies]." Id. Nothing suggests LLC member liability differs between natural persons and entities.

10

attempt by Counterclaimants to hold Defu USA *individually* liable for Defu USA's *own* alleged misconduct.

As it relates to any claims against Defu USA based on an alter ego theory, Counterclaimants have failed to plausibly allege that Defu USA is FDW's alter ego. The Counterclaims contain no allegations that Defu USA "abused [FDW's] LLC form," Lokey, 608 F. App'x at 738, by "commingling or confusing" FDW's corporate records, assets, or finances with its own. Bonner, 585 S.E.2d at 919.  The Counterclaimants have alleged that Defu USA is the "single member and owner of FDW" and that, in that capacity, it "directed, encouraged, caused, urged, and/or allowed FDW to engage in the acts . . . constituting infringement" and fraud. (Doc. 81, pp. 26, 42, 44.)  The Counterclaimants additionally allege that Defu USA "was at all times aware of FDW's acts of infringement."  (Id. at pp. 26, 32.)  However, "sole ownership of a corporation by one person is not a factor, nor is the fact that the sole owner uses and controls it to promote his ends." Global Diagnostic, 643 S.E.2d at 341; see Pak-Tec, Inc., 2005 WL 8154327, at *3 ("Even showing a party owns and controls a corporation for personal ends, however, does not demonstrate an abuse of the corporate entity.  To adequately prove alter-ego liability, this simply is not enough.") (internal citation omitted).  Additionally, Counterclaimants have not directed the Court to any authority (and the Court has found none) which suggests that the fact that an LLC's member was "aware" of its parent's alleged misconduct means the member is the LLC's alter ego. (Doc. 81, pp. 26, 32.)  Accordingly, the Court grants Defu USA's Motion to Dismiss, (doc. 91), only as it relates to alter ego claims.

## CONCLUSION

Based upon the forgoing, the Court **GRANTS** Liu's Motion, (doc. 92), and dismisses the infringement and fraud claims (Counts I through IV) against him, but only to the extent they seek

to hold Liu liable for FDW's infringement or fraud based on an alter ego or "piercing the corporate veil" theory.  The Court additionally **GRANTS in part and DENIES in part** Defu USA's Motion, (doc. 91).  That Motion is **GRANTED** as to the infringement and fraud claims (Counts I through IV), and those claims are dismissed, but only to the extent they seek to hold Defu USA liable for FDW's infringement or fraud based on an alter ego or "piercing the corporate veil" theory.  However, the Motion is **DENIED** as to those claims to the extent they seek to hold Defu USA individually liable.[5]

**SO ORDERED**, this 16th day of October, 2023.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] In their Responses, Counterclaimants vaguely request that the Court grant them leave to amend their counterclaims in the event the Court grants the Motions to Dismiss. (Doc. 96, p. 12; doc. 97, p. 12.) "Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised properly." Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999). "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought, . . . —does not constitute a motion within the contemplation of [Federal Rule of Civil Procedure 15(a)]." Confederate Mem'l Ass'n, Inc. v. Hines, 995 F.2d 295, 299 (D.C. Cir. 1993); see also Mitchell v. Thompson, 564 F. App'x 452, 458 (11th Cir. 2014) (refusing to consider allegations raised in response to motion to dismiss because plaintiff never moved to amend complaint to add allegations); Victor Foods, Inc. v. Crossroads Econ. Dev., 977 F.2d 1224, 1227 (8th Cir. 1992) ("one vague sentence," which did not propose new or different allegations, in response brief was insufficient to amend complaint).  This Court is a motions court, and Counterclaimants' scant mentions of leave to amend in their Responses do not sufficiently bring requests to amend before the Court.  See United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (affirming denial of leave to amend where plaintiff did not file motion for leave to amend, only included request in response to motion to dismiss, and failed to attach amendment or set forth substance of proposed amendment).  Moreover, because Counterclaimants have essentially abandoned the claims addressed in this Order, and have not stood by those claims, much less explained what additional facts they would offer in support of those claims, granting Counterclaimants leave to amend would be futile.