UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| FACTORY DIRECT WHOLESALE, LLC,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>OFFICE KICK, INC., and  )<br>CKNAPP SALES, INC.  )<br>)<br>Defendants.  )  | CV421-368 |
| OFFICE KICK, INC., and  )<br>CKNAPP SALES, INC.,  )<br>)<br>Counterclaim Plaintiffs,  )<br>)<br>v.  )<br>)<br>FACTORY DIRECT  )<br>WHOLESALE, LLC, DEFU USA,  )<br>LLC, and HANPING LIU,  )<br>)<br>Counterclaim Defendants.)  | |

## **ORDER**

The parties jointly move to file certain exhibits connected to their respective motions to exclude expert opinions and motions for summary judgment under seal. Doc. 151. In particular, Defendants Office Kick, Inc. and CKNAPP Sales, Inc. (collectively "OKI") seek to seal the

1

following exhibits in connection with their Motion to Strike Certain Opinions and Portions Thereof of Dr. Craig Forest, PH.D., P.E. and Lisa Miller, doc. 145:

- February 20, 2024 Expert Report of Lisa Miller, doc. 145-2 ("Exhibit B")
- March 11, 2024 Expert Report of Lisa Miller, doc. 145-4 ("Exhibit D")
- March 11, 2024 Expert Report of Mark Benden, doc. 145-9 ("Exhibit I")

*See* doc. 151 at 1-2.  Plaintiff Factory Direct Wholesale ("FDW") seeks to file its Motion to Exclude Certain Expert Opinions, doc. 146, under seal, along with the following exhibits to the Motion:

- Excerpt of Mark Benden's March 11, 2024 Expert Report, doc. 146-1 ("Exhibit 1")
- Excerpts of Mark Benden's April 18, 2024 Deposition Transcript, doc. 146-3 ("Exhibit 3")
- February 20, 2024 Expert Report of David R. Duski, doc. 146-4 ("Exhibit 4")

- Transcript of David. R. Duski's April 25, 2024 Deposition, doc. 146-5 ("Exhibit 5")

*See* doc. 151 at 2. In connection with its Motion for Summary Judgment, doc. 149, FDW seeks to seal:

- Excerpt of Mark Benden's February 20, 2024 Report, doc. 149-5 ("Exhibit D")

- Transcript of Mark Benden's April 18, 2024 Deposition, doc. 149-18 ("Exhibit L")

- Excerpt of Mark Benden's March 11, 2024 Expert Report, doc. 149-33 ("Exhibit T")

- FDW's Corrected Third Amended Responses to Defendants' Interrogatories Nos. 3, 7, 10, 11, and 13, doc. 149-37 ("Exhibit X")

- Transcript of Chance Knapp's January 17, 2024 Deposition, doc. 149-38 ("Exhibit Y")

- February 20, 2024 Expert Report of David R. Duski, doc. 149-40 ("Exhibit AA")

Doc. 151 at 2.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public

3

concern . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001)). "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")). "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245. The Eleventh Circuit reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an

action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363. A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted). In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents. Concerns about trade secrets or other proprietary information, for example, can overcome the public interest in access to judicial documents. Indeed, a court should consider whether the records are sought for such illegitimate purposes as to promote public scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive

appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

The parties do not engage with the good cause standard at all. *See* doc. 151. Instead, they simply assert that either FDW or OKI has designated each exhibit they move to seal "as containing highly confidential business information." *See id.* at 1-2. "[S]tereotyped and conclusory statements . . . do not establish good cause" to seal. *Romero*, 480 F.3d at 1247 (citations and internal quotations omitted). The parties have only offered blanket assertions of confidentiality, and do not bother to explain, with any specificity, why completely sealing thirteen exhibits and an entire motion is appropriate. The Court does not doubt that some of the exhibits may contain some information which might meet the standard for sealing, or that FDW's Motion to Exclude Certain Expert Opinions, doc. 146, may, in places, incorporate such information. *See, e.g., BASF Corp. v. SNF Holding Co.*, 2019 WL 3554699, at *5 (S.D. Ga. Aug. 5, 2019) (acknowledging "that materials containing proprietary or trade secret information may be permissibly filed under seal"). But the

parties do not identify the specific information in each document that should be sealed or why those specific pieces of information are appropriately sealed in light of the common-law right of access. While the parties have produced materials for the Court's review, it is not the Court's job to decipher out of hundreds of pages what material might contain information that the parties might wish to seal, nor is it the Court's job to articulate the arguments to support sealing. *Cf. Chavez v. Sec'y Fla. Dept. of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[J]udges are not required to ferret out delectable facts buried in a massive record[.]").

By making only conclusory statements and failing entirely to engage with the good cause standard, the parties have not shown possible harm to legitimate privacy interests for the materials at issue. *Romero*, 480 F.3d at 1246; *see also* S.D. Ga. L. Civ. R. 79.7(d) ("The party seeking to have any matter placed under seal must rebut the presumption of openness derived from the First Amendment by showing that closure is essential to preserve some higher interest *and is narrowly tailored to service that interest.*" (emphasis added)). The Joint Motion to File Certain Documents Under Seal is **DENIED**. Doc. 151.

7

The parties "have the option of filing the materials in the normal course." *See* S.D. Ga. L. Civ. R. 79.7(c). Alternatively, the parties may again move to seal, keeping in mind their burden as discussed in this Order, by no later than July 2, 2024. The Court reminds the parties that Local Rule 7.1 dictates that "[e]very motion filed in civil proceedings shall cite to supporting legal authorities." *See* S.D. Ga. L. Civ. R. 7.1(b).

**SO ORDERED**, this 11th day of June, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA