UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| FACTORY DIRECT WHOLESALE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| OFFICE KICK, INC., and CKNAPP SALES, INC. | ) ) ) | |
| Defendants. | ) | CV421-368 |
| OFFICE KICK, INC., and CKNAPP SALES, INC., | ) ) ) | |
| Counterclaim Plaintiffs, | ) ) | |
| v. | ) ) | |
| FACTORY DIRECT WHOLESALE, LLC, DEFU USA, LLC, and HANPING LIU, | ) ) ) ) | |
| Counterclaim Defendants. | ) | |

**ORDER**

The parties' second Joint Motion for Leave to File Certain Documents Under Seal is **DENIED**. Doc. 167. Despite the Court's clear instructions, *see* doc. 154, the parties have again submitted a woefully inadequate motion to seal. First, the parties propose that they will file

redacted versions of the specific documents they have moved to seal, but they do not submit those redactions for the Court's review. *See generally* doc. 167 at 2-7. The Court cannot balance the common-law right of access against a party's interest in keeping information confidential without being able to review the proposed redactions to see what information the party wishes to keep confidential. *See Romero v. Drummond Co.*, 480 F.3d 1235, 1246 (11th Cir. 2007). Second, only the request to seal the January 17, 2024 Deposition of Chance Knapp is supported by any legal authority. *See* doc. 167 at 7-8. The rest of the motion only contains conclusory statements that the exhibits contain sensitive information, such as sales numbers or profit and loss statements. *See, e.g.*, *id.* at 2-3. It may be that profit and loss statements, for example, should be sealed. But the parties have made no effort to support that assertion with relevant legal authority, and the Court will not make the parties' legal arguments for them. *See, e.g.*, *BASF Corp. v. SNF Holding Co.*, 2019 WL 3554699, at *5 (S.D. Ga. Aug. 5, 2019) ("While it is true that materials containing proprietary or trade secret information may be permissibly filed under seal, [Cit.], the party seeking to have such material sealed must explain why it should be sealed."); *cf. Chavez v. Sec'y Fla. Dept. of*

*Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[J]udges are not required to ferret out delectable facts buried in a massive record[.]").  The parties have already been informed that stereotyped and conclusory statements that something should be sealed do not establish good cause to seal and that their motion must cite to supporting legal authorities.  *See* doc. 154 at 6-8; *see also Romero*, 480 F.3d at 1247; S.D. Ga. L. Civ. R. 7.1(b).

For the foregoing reasons, the parties' Second Joint Motion for Leave to File Certain Documents Under Seal is **DENIED without prejudice**.  Doc. 167.  The Court will give the parties **one final opportunity** to move to seal any documents associated with: (1) Defendants' Motion to Strike Certain Opinions and Portions Thereof of Dr. Craig Forest and Lisa Miller, doc. 145; (2) Plaintiffs' Motion to Exclude Certain Expert Opinions, doc. 146; (3) Plaintiffs' Motion for Summary Judgment, doc. 149; (4) Plaintiffs' Brief in Opposition to Defendants' Motion to Strike Certain Expert Opinions, doc. 158; and (5) Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, doc. 162 .  **Any such motion must be filed by July 29, 2024, and must comply with the following requirements:**

**First**, to the extent the parties wish to redact portions of their exhibits rather than have them sealed in their entirety, they must submit their proposed redactions to the Clerk when they file their renewed motion to seal.  **Second**, the parties must make an independent argument, supported by appropriate legal authority, for **each** individual exhibit they seek to seal.  **Third**, the parties must cite to each exhibit using the CM-ECF docket entry number that corresponds to the parties' placeholder exhibits.  For example, Lisa Miller's February 20, 2024 Expert Report should be cited as "doc. 145-2," not "Exhibit B." David R. Duski's February 20, 2024 Expert Report should be cited as "doc. 146-4" in connection with Plaintiffs' Motion to Exclude Certain Expert Opinions, doc. 146, and as "doc. 149-40" when cited in connection with Plaintiffs' Motion for Summary Judgment, doc. 149.  **Fourth**, to the extent an exhibit appears in more than one place on the docket, the parties must identify every place the document has been submitted, using the CM-ECF docket entry numbers.  The Court will not seal a document that the parties have not **explicitly** moved to seal.  **Fifth**, to the extent any of the exhibits the parties wish to seal may contain information that is not written in English, the parties must provide translations of the foreign

language text for the Court's review.  If the Court cannot understand what is in a particular exhibit, it cannot balance the common-law right of access against a party's interest in keeping information confidential. *See Romero*, 480 F.3d at 1246.  **Sixth**, the parties must indicate how long each exhibit should be sealed in accordance with Local Civil Rule 79.7(e).

"Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991).  Any renewed motion to seal the exhibits associated with (1) Defendants' Motion to Strike Certain Opinions and Portions Thereof of Dr. Craig Forest and Lisa Miller, doc. 145; (2) Plaintiffs' Motion to Exclude Certain Expert Opinions, doc. 146; (3) Plaintiffs' Motion for Summary Judgment, doc. 149; (4) Plaintiffs' Brief in Opposition to Defendants' Motion to Strike Certain Expert Opinions, doc. 158; and (5) Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, doc. 162, should be well-organized, well-supported, and easy for the Court to follow.  **Any renewed motion to seal must clearly identify each exhibit (or portion of an exhibit) the parties wish to seal, identify where on the docket those exhibits appear, and articulate why each exhibit (or portion of an exhibit) should be sealed based on relevant legal**

**authority.  The parties' failure to comply with any of these requirements will result in any renewed motions to seal being denied.**

Furthermore, if the parties do not explicitly move to seal any documents or exhibits associated with (1) Defendants' Motion to Strike Certain Opinions and Portions Thereof of Dr. Craig Forest and Lisa Miller, doc. 145; (2) Plaintiffs' Motion to Exclude Certain Expert Opinions, doc. 146; (3) Plaintiffs' Motion for Summary Judgment, doc. 149; (4) Plaintiffs' Brief in Opposition to Defendants' Motion to Strike Certain Expert Opinions, doc. 158; and (5) Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, doc. 162, that have been provisionally filed under seal by July 29, 2024, the Court will direct the Clerk to place those exhibits on the public docket.  Based on the Court's review, there are documents or exhibits that the parties' indicated should be filed under seal that were not included in the parties' second Joint Motion for Leave to File Certain Documents Under Seal.  *Compare* doc. 167 *with* docket.  Again, the Court will only seal those documents which the parties explicitly move to seal in their renewed motion.

Finally, the parties are **DIRECTED** to file **separate** motions to seal any exhibits they wish to file under seal associated with motions, responses, or replies that have not been filed as of July 5, 2024. This Order directing the parties to file a renewed motion to seal by July 29, 2024, does not extend to any forthcoming filings. To the extent necessary, the parties must **separately** move to seal any exhibits to their forthcoming replies at the time they file those anticipated briefs. *See* docs. 160, 161, 166, & 168 (Notices of Intent to Reply).

If the parties require additional direction, they may jointly move for a status conference with the Court. Correspondence to the undersigned's Courtroom Deputy Clerk should be kept to a minimum.

**SO ORDERED**, this 8th day of July, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA