# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

FACTORY DIRECT         )
WHOLESALE, LLC,       )
                         )
      Plaintiff,        )
                         )
v.                         )
                         )
OFFICE KICK, INC., and   )
CKNAPP SALES, INC.     )
                         )
      Defendants.     )      CV421-368
_____

OFFICE KICK, INC., and   )
CKNAPP SALES, INC.,    )
                         )
      Counterclaim Plaintiffs, )
                         )
v.                         )
                         )
FACTORY DIRECT        )
WHOLESALE, LLC, DEFU USA, )
LLC, and HANPING LIU,    )
                         )
      Counterclaim Defendants.)

## <u>ORDER</u>

The parties jointly move to file certain exhibits connected to their respective motions to exclude expert opinions and motions for summary judgment under seal. Doc. 175. In particular, Plaintiff Factory Direct Wholesale, along with its counterclaim co-defendants Defu USA, LLC

and Hanping Liu (collectively "FDW"), and Defendants Office Kick, Inc. and CKNAPP Sales, Inc. (collectively "OKI") seek to seal the following exhibits:

- February 20, 2024 Expert Report of Lisa Miller, doc. 145-2 ("Exhibit B" to OKI's Motion to Strike Certain Opinions, doc. 145)

- March 11, 2024 Expert Report of Lisa Miller, doc. 145-4 ("Exhibit D" to OKI's Motion to Strike Certain Opinions, doc. 145)

- Transcript of Deposition of Expert Mark Benden, doc. 146-3 ("Exhibit 3" of FDW's Motion to Exclude Certain Expert Opinions, doc. 146) & doc. 149-18 ("Exhibit L" of FDW's Motion for Summary Judgment, doc. 149)

- February 20, 2024 Expert Report of David R. Duski, doc. 146-4 ("Exhibit 4" to FDW's Motion to Exclude Certain Expert Opinions, doc. 146) & doc. 149-40 ("Exhibit AA" to FDW's Motion for Summary Judgment, doc. 149)

- March 25, 2025 Expert Report of David R. Duski, doc. 158-1 ("Exhibit 10" to FDW's Opposition to OKI's Motion to Strike Certain Opinions, doc. 158)

- Transcript of Deposition of Expert David R. Duski, doc. 146-5 ("Exhibit 5" of FDW's Motion to Exclude Certain Expert Opinions, doc. 146)

- Transcript of Deposition of Chance Knapp, doc. 149-38 ("Exhibit Y" of FDW's Motion for Summary Judgment, doc. 149)

- FDW's Financial Spreadsheets, doc. 162-12 ("Exhibit L" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

- Transcript of Deposition of Hanping Liu, doc. 162-13 ("Exhibit M" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

*See generally* doc. 175-1.

The Eleventh Circuit has explained that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern . . . and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process." *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotation marks omitted) (quoting *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and *Chi. Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311

(11th Cir. 2001)).  "[T]he common-law right of access includes the right to inspect and copy public records and documents." *Chi. Tribune Co.*, 263 F.3d at 1311 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (referencing specifically the right to inspect and copy "judicial records and documents.")).  "Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access." *Romero*, 480 F.3d at 1245.  The Eleventh Circuit reaffirmed this standard, finding that the public right of access is presumed for "judicial records," which include "documents filed with pretrial motions that require judicial resolution of the merits of an action." *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1363 (11th Cir. 2021) (internal citation and quotations omitted).

A party can overcome the common-law right of access by a showing of good cause. *Callahan*, 17 F.4th at 1363.  A good cause determination "requires balancing the asserted right of access against the other party's interest in keeping the information confidential." *Romero*, 480 F.3d at 1246 (internal quotation marks and alterations omitted).  In weighing these competing interests, the Court considers "a number of important questions," which the Eleventh Circuit discussed in *Callahan*:

> [W]hether allowing access would impair court functions or
> harm legitimate privacy interests, the degree of and
> likelihood of injury if made public, the reliability of the
> information, whether the information concerns public officials
> or public concerns, and the availability of a less onerous
> alternative to sealing the documents. Concerns about trade
> secrets or other proprietary information, for example, can
> overcome the public interest in access to judicial documents.
> Indeed, a court should consider whether the records are
> sought for such illegitimate purposes as to promote public
> scandal or gain unfair commercial advantage.

*Callahan*, 17 F.4th at 1363 (internal quotation marks and citations omitted). The decision of whether good cause exists rests with the sound discretion of the district court, is based on the "nature and character of the information in question," and "should be informed by a sensitive appreciation of the circumstances that led to the production of the particular document in question." *Chi. Tribune Co.*, 263 F.3d at 1311 (quoting *Nixon*, 435 U.S. at 603) (internal quotation marks and alterations omitted), 1315.

The Court will conduct a good cause analysis for each document the parties seek to seal.

### 1. February 20, 2024 Expert Report of Lisa Miller

Both parties move to seal the February 20, 2024 Expert Report of Lisa Miller, doc. 145-2. *See* doc. 175-1 at 6-7, 18. Miller's February 20,

2024 report contains sensitive financial and business information, including but not limited to sales figures, profit and loss statements, and projected growth rates. The parties argue that exposing this information would harm their business operations and give their competitors an advantage. *See id.* at 6, 18. They propose redacting the report to hide this specific information. *See* doc. 175-2 (Proposed Redacted Version of the February 20, 2024 Expert Report of Lisa Miller). Documents that contain detailed information about a company's finances or business structure are often good candidates for sealing. *See, e.g., USI Insur. Servs., LLC v. Tillman*, 2024 WL 812021, at *2-*3 (S.D. Ga. Feb. 27, 2024) (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *Holiday Hosp. Franchising, LLC v. J&W Lodging, LLC*, 2019 WL 3334614, at *10-*11 (N.D. Ga. Mar. 7, 2019) (sealing documents that showed detailed revenue data and royalties, fees, and credits); *see generally My 24Hour News.com, Inc. v. AT&T Corp.*, 2019 WL 3521951, at *9 n.7 (N.D. Ga. Jan. 10, 2019) (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, the parties have shown good cause to seal Lisa Miller's February 20, 2024 Expert Report. *See Callahan*, 17 F.4th at 1363. The parties' motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the February 20, 2024 Expert Report of Lisa Miller, doc. 145-2, **UNDER SEAL** for ten years. The Clerk is also **DIRECTED** to docket the Proposed Redacted Version of the February 20, 2024 Expert Report of Lisa Miller, doc. 175-2, as an exhibit to OKI's Motion to Strike Certain Expert Opinions, doc. 145.

### 2. March 11, 2024 Expert Report of Lisa Miller

Both parties move to seal the March 11, 2024 Expert Report of Lisa Miller, doc. 145-4. *See* doc. 175-1 at 7-8, 18. Miller's March 11, 2024 report contains sensitive financial and business information, including but not limited to average sales prices, net profits, and royalty rates. The parties argue that exposing this information would harm their business operations and give their competitors an advantage. *See id.* at 7, 18. They propose redacting the report to hide this specific information. *See* doc. 175-3 (Proposed Redacted Version of the March 11, 2024 Expert Report of Lisa Miller). Documents that contain detailed information about a company's finances or business structure are often good

candidates for sealing. *See e.g., USI Insur. Servs., LLC*, 2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *Holiday Hosp. Franchising, LLC*, 2019 WL 3334614, at *10-*11 (sealing documents that showed detailed revenue data and royalties, fees, and credits); *see generally My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, the parties have shown good cause to seal Lisa Miller's March 11, 2024 Expert Report. *See Callahan*, 17 F.4th at 1363. The parties' motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the March 11, 2024 Expert Report of Lisa Miller, doc. 145-4, **UNDER SEAL** for ten years. The Clerk is also **DIRECTED** to docket the Proposed Redacted Version of the March 11, 2024 Expert Report of Lisa Miller, doc. 175-3, as an exhibit to OKI's Motion to Strike Certain Expert Opinions, doc. 145.

### 3. Transcript of Deposition of Expert Mark Benden

OKI moves to seal the transcript of Mark Benden's deposition, docs. 146-3 & 149-18.  *See* doc. 175-1 at 14, 16.  FDW submitted an excerpt of Benden's deposition in support of its Motion to Exclude Certain Expert Opinions, doc. 146, and the full transcript of his deposition in support of its Motion for Summary Judgment, doc. 149.  FDW states that Benden's deposition does not contain any of its confidential information, and it therefore defers to OKI.  Doc. 175-1 at 11.  OKI asserts that the deposition transcript includes "some discussion of highly confidential and competitively sensitive financial information," namely sales figures, and that exposing this information would harm OKI's business operations and give their competitors an advantage.  *Id.* at 14.  Documents that contain detailed information about a company's finances or business structure are often good candidates for sealing.  *See e.g., USI Insur. Servs., LLC*, 2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *Holiday Hosp. Franchising, LLC*, 2019 WL 3334614, at *10-*11 (sealing documents that showed detailed revenue data and royalties, fees, and credits); *see*

*generally My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, OKI has shown good cause to seal the transcript of Mark Benden's deposition. *See Callahan*, 17 F.4th at 1363. The motion to seal these exhibits is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the excerpt and full transcript of Mark Benden's deposition, docs. 146-3 & 149-18, **UNDER SEAL** for ten years. The Clerk is **DIRECTED** to docket the proposed redacted version of the excerpt of Benden's deposition, doc. 175-5, as an exhibit to FDW's Motion to Exclude Certain Expert Opinions, doc. 146.

As for the full transcript filed as an Exhibit to FDW's Motion for Summary Judgment, FDW asked OKI–the party asserting the confidentiality interest–to redact a complete version of the transcript of Benden's deposition. *See* doc. 175-1 at 11-12. OKI asserts that redacting the full transcript of the deposition is unnecessary, and instead asks the Court to allow OKI to substitute the *full* deposition for relevant *excerpts* of the deposition. *Id.* at 14-15. This is insufficient. FDW filed the entire

deposition transcript in support of its Motion for Summary Judgment; it must be allowed to build its record for summary judgment as it sees fit.

OKI ultimately submitted a proposed redacted version of the full transcript to the Court, despite its apparent reluctance to do so. The Clerk is **DIRECTED** to docket the full redacted transcript of Mark Benden's deposition as an exhibit to FDW's Motion for Summary Judgment. Doc. 149.

### 4. February 20, 2024 Expert Report of David R. Duski

Both parties move to seal David R. Duskis' February 20, 2024 Expert Report. Doc. 175-1 at 3-4, 16-17. Duski's February 20, 2024 report contains sensitive financial and business information, including but not limited to FDW's sales figures, estimated sales figures, and royalty information. The report also includes a detailed analysis of various OKI licensing agreements and business deals. The parties argue that exposing this information would harm their business operations and give their competitors an advantage. *See id.* They propose redacting the report to hide this specific information. *See* doc. 175-6 (Proposed Redacted Version of the February 20, 2024 Expert Report of David R. Duski). Documents that contain detailed information about a company's

finances or business structure are often good candidates for sealing. *See e.g., USI Insur. Servs., LLC*, 2024 WL 812021, at \*2-\*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *Holiday Hosp. Franchising, LLC*, 2019 WL 3334614, at \*10-\*11 (sealing documents that showed detailed revenue data and royalties, fees, and credits); *see generally My 24Hour News.com, Inc.*, 2019 WL 3521951, at \*9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, the parties have shown good cause to seal David Duski's February 20, 2024 Expert Report. *See Callahan*, 17 F.4th at 1363. The parties' motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the February 20, 2024 Expert Report of David R. Duski, docs. 146-4 & 149-40, **UNDER SEAL** for ten years. The Clerk is also **DIRECTED** to docket the Proposed Redacted Version of the February 20, 2024 Expert Report of David R. Duski, doc. 175-6, as an exhibit to FDW's Motion to Exclude Certain

Expert Opinions, doc. 146, and FDW's Motion for Summary Judgment,
doc. 149.

### 5. March 25, 2025 Expert Report of David R. Duski

Both parties move to seal David. R. Duski's March 25, 2024 Expert
Report.  Doc. 175-1 at 4-5, 17.  Duski's March 25, 2024 report contains
sensitive financial and business information, including but not limited to
FDW's average selling prices, royalty rates, and revenue data.  The report
also includes a detailed analysis of various OKI licensing agreements and
business deals.  The parties argue that exposing this information would
harm their business operations and give their competitors an advantage.
*See id.*  They propose redacting the report to hide this specific
information.  *See* doc. 175-10 (Proposed Redacted Version of the March
25, 2024 Expert Report of David R. Duski).  Documents that contain
detailed information about a company's finances or business structure
are often good candidates for sealing.  *See e.g., USI Insur. Servs., LLC*,
2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business
information" concerning the dollar amount of a company's new business
and their client's identities); *Holiday Hosp. Franchising, LLC*, 2019 WL
3334614, at *10-*11 (sealing documents that showed detailed revenue

data and royalties, fees, and credits); *see generally My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, the parties have shown good cause to seal David Duski's March 25, 2024 Expert Report. *See Callahan*, 17 F.4th at 1363. The parties' motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the March 25, 2024 Expert Report of David R. Duski, doc. 158-1, **UNDER SEAL** for ten years. The Clerk is also **DIRECTED** to docket the Proposed Redacted Version of the March 25, 2024 Expert Report of David R. Duski, doc. 175-10, as an exhibit to FDW's Brief in Opposition to Defendant's Motion to Strike Certain Opinions, doc. 158.

### 6. Transcript of Deposition of Expert David R. Duski

OKI moves to seal the transcript of David R. Duski's deposition. *See* doc. 175-1 at 14-15. FDW filed the full transcript of Duski's deposition in support of its Motion to Exclude Certain Expert Opinions, doc. 146, and indicates that the deposition transcript does not include any of its confidential information, doc. 175-1 at 11-12. OKI asserts the deposition

includes detailed discussions of various confidential licensing agreements and business deals. *Id.* at 13. Documents that contain detailed information about a company's finances or business structure are often good candidates for sealing. *See e.g., USI Insur. Servs., LLC*, 2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *see also My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, OKI has shown good cause to seal the transcript of David R. Duski's deposition. *See Callahan*, 17 F.4th at 1363. The motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the transcript of David Duski's deposition, doc. 146-5, **UNDER SEAL** for ten years.

FDW asked OKI—the party asserting the confidentiality interest—to redact a complete version of the transcript of Duski's deposition. *See* doc. 175-1 at 11-12. OKI asserts that redacting the full transcript of the deposition is unnecessary, and instead asks the Court to allow OKI to substitute the *full* deposition for *relevant* excerpts of the deposition. *Id.*

at 13-14.  This is insufficient.  FDW filed the entire deposition transcript in support of its Motion to Exclude Certain Expert Opinions; it must be allowed to build its record for the Court as it sees fit.

OKI ultimately submitted a proposed redacted version of the full transcript to the Court, despite its apparent reluctance to do so.  The Clerk is **DIRECTED** to docket the full redacted transcript of David. R. Duski's deposition as an exhibit to FDW's Motion to Exclude Certain Expert Opinions.  Doc. 146.

### 7. Transcript of Deposition of Chance Knapp

OKI moves to seal the transcript of Chance Knapp's deposition, doc. 149-38.  *See* doc. 175-1 at 15.  FDW filed the full transcript of Knapp's deposition in support of its Motion for Summary Judgment, doc. 149, and indicates that the deposition transcript does not include any of its confidential information, doc. 175-1 at 11-12.  OKI asserts the deposition includes, among other things, discussions about its business strategies and confidential licensing agreements, and that disclosing this information would harm OKI's business operations and give its competitors an advantage.  *Id.* at 15.  Documents that contain detailed information about a company's finances or business structure are often

good candidates for sealing. *See e.g., USI Insur. Servs., LLC*, 2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *see also My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, OKI has shown good cause to seal the transcript of Chance Knapp's deposition. *See Callahan*, 17 F.4th at 1363. The motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the transcript of Chance Knapp's deposition, doc. 149-38, **UNDER SEAL** for ten years.

FDW asked OKI–the party asserting the confidentiality interest–to redact a complete version of the transcript of Knapp's deposition. *See* doc. 175-1 at 11-12. OKI asserts that redacting the full transcript of the deposition is unnecessary, and instead asks the Court to allow OKI to substitute the full deposition for relevant excerpts of the deposition. *Id.* at 15. This is insufficient. FDW filed the entire deposition transcript in support of its Motion for Summary Judgment; it must be allowed to build its record for summary judgment as it sees fit.

OKI ultimately submitted a proposed redacted version of the full transcript to the Court, despite its apparent reluctance to do so. The Clerk is **DIRECTED** to docket the full redacted transcript of Chance Knapp's deposition as an exhibit to FDW's Motion for Summary Judgment. Doc. 149.

### 8. FDW's Financial Spreadsheets

FDW moves to seal its financial spreadsheets in their entirety, doc. 162-12. Doc. 175-1 at 8. OKI does not indicate any opposition to sealing the spreadsheets. *See generally id.* FDW seeks to file the spreadsheets under seal because "the entire document is comprised of FDW's total unit sales and prices for various ASINs [sold] over several individual days" and disclosing this information would harm FDW's business operations and give its competitors an advantage. *Id.* at 8. Documents that contain detailed information about a company's finances or business structure are often good candidates for sealing. *See e.g., USI Insur. Servs., LLC,* 2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *Holiday Hosp. Franchising, LLC,* 2019 WL 3334614, at *10-*11 (sealing documents that showed detailed revenue

data and royalties, fees, and credits); *see generally My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, FDW has shown good cause to seal FDW's Financial Spreadsheet. *See Callahan*, 17 F.4th at 1363. The parties' motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain FDW's Financial Spreadsheets, doc. 162-12, **UNDER SEAL** for ten years.

### 9. Transcript of Deposition of Hanping Liu

FDW moves to seal the transcript of Hanping Liu's deposition, doc. 162-13. *See* doc. 175-1 at 9-10. OKI does not indicate any opposition to sealing the transcript. *See generally id.* FDW asserts that its sales history, revenue, salaries, and sales strategies and projections were discussed during the deposition, and that publicly disclosing this information would harm its business operations and give its competitors an advantage. *Id.* at 9. FDW proposes redacting the transcript to avoid disclosing this information. *See* doc. 175-11 (Proposed Redacted Version of the Transcript of the Deposition of Hanping Liu). Documents that

contain detailed information about a company's finances or business structure are often good candidates for sealing. *See e.g., USI Insur. Servs., LLC*, 2024 WL 812021, at *2-*3 (sealing "confidential and sensitive business information" concerning the dollar amount of a company's new business and their client's identities); *Holiday Hosp. Franchising, LLC*, 2019 WL 3334614, at *10-*11 (sealing documents that showed detailed revenue data and royalties, fees, and credits); *see generally My 24Hour News.com, Inc.*, 2019 WL 3521951, at *9 n.7 (sealing materials "which contain confidential and proprietary business information of a commercially-sensitive nature").

Accordingly, FDW has shown good cause to seal Hanping Liu's deposition. *See Callahan*, 17 F.4th at 1363. The parties' motion to seal this exhibit is **GRANTED**. Doc. 175, in part. The Clerk is **DIRECTED** to maintain the transcript of Hanping Liu's deposition, doc. 162-13, **UNDER SEAL** for ten years. The Clerk is also **DIRECTED** to docket the Proposed Redacted Version of the Transcript of the Deposition of Hanping Liu, doc. 175-11, as an exhibit to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162.

Because the parties have shown good cause to seal docs. 145-2, 145-

4, 146-3, 146-4, 146-5, 149-18, 149-38, 149-40, 158-1, 162-12, & 162-13, their Joint Motion for Leave to File Documents Under Seal is **GRANTED**. Doc. 175.

In a previous Order, the Court advised the parties that if they failed to explicitly move to seal any exhibits that had been provisionally filed under seal, the Court would place those exhibits on the docket. *See* doc. 169 at 6. Though initially filed under seal, the parties either explicitly withdrew their request to seal or never moved to seal the following exhibits:

- February 20, 2024 Expert Report of Mark Benden, doc. 149-5 ("Exhibit D" to FDW's Motion for Summary Judgment, doc. 149) & doc. 162-5 ("Exhibit E" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

- March 10, 2024[1] Expert Report of Mark Benden, doc. 145-9 ("Exhibit I" of OKI's Motion to Strike Certain Opinions); doc. 146-1[2] ("Exhibit 1" of FDW's Motion to Exclude Certain Expert

---

[1] Benden's "second" expert report is dated March 10, 2024, not March 11, 2024. *See* doc. 175-4 at 30.

[2] While the parties filed a proposed redacted version of doc. 146-1, they did not move to seal it. *See* doc. 175-4 (Proposed Redacted Version of Benden's March 10, 2024 Report Excerpt); *see also* doc. 175-1 at 11 (FDW deferring to OKI on whether to seal the exhibit); *id.* at 17 (OKI indicating that it was willing to withdraw its designation

Opinions, doc. 146); doc. 149-33 ("Exhibit T" of FDW's Motion for Summary Judgment, doc. 149); & doc. 162-14 ("Exhibit N" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

- March 25, 2024 Expert Report of Mark Benden, doc. 162-7 ("Exhibit G" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

- FDW's Motion to Exclude Certain Expert Opinions, doc. 146

- FDW's Corrected Third Amended Responses to OKI's Interrogatories Nos. 3, 7, 10, 11, and 13, doc. 149-37 ("Exhibit X" to FDW's Motion for Summary Judgment, doc. 149)

- FDW's Invalidity Contentions, doc. 162-6 ("Exhibit F" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

- February 20, 2024 Expert Report of Craig R. Forest, doc. 162-10 ("Exhibit J" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

---

of confidentiality as to this exhibit and not moving to seal it).

- March 25, 2024 Expert Report of Craig R. Forest, doc. 162-8 ("Exhibit H" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

- Amazon Production Photographs, doc. 162-11 ("Exhibit K" to OKI's Opposition to FDW's Motion for Summary Judgment, doc. 162)

Because the parties have not moved to seal these documents, they will be placed on the public docket. *See* doc. 169 at 6. Accordingly, the Clerk is **DIRECTED** to docket the above documents–docs. 145-9, 146, 146-1, 149-5, 149-33, 149-37, 162-5, 162-6, 162-7, 162-8, 162-10, 162-11, & 162-14–as attachments to their respective filings.

**SO ORDERED**, this 13th day of August, 2024.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA