**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION**

| | |
|---|---|
| FACTORY DIRECT WHOLESALE, LLC, | |
| Plaintiff, | CIVIL ACTION NO.: 4:21-cv-368 |
| v. | |
| OFFICE KICK, INC.; and CKNAPP SALES, INC., | |
| Defendants. | |

OFFICE KICK, INC.; and CKNAPP SALES, INC.,

　　　　　Counterclaim Plaintiffs,

　　v.

FACTORY DIRECT WHOLSESALE, LLC; DEFU USA, LLC; and HANPING LIU,

　　　　　Counterclaim Defendants.

**O R D E R**

The Court **SUSTAINS**, in part, and **OVERRULES**, in part, Defendants Office Kick, Inc. and CKnapp Sales, Inc.'s Objections. (Doc. 188.) The Court **GRANTS,** in part, and **DENIES**, in part, Plaintiff Factory Direct Wholesale, LLC's Motion for Reconsideration. (Doc. 192.)

**BACKGROUND**

The Magistrate Judge granted, in part, and denied, in part, Defendants Office Kick, Inc. and CKnapp Sales, Inc.'s ("Defendants") Motion to Strike Certain Opinions and Portions Thereof of Dr. Craig Forest, Ph.D., P.E., and Lisa Miller, (doc. 145), and denied Plaintiff Factory Direct

Wholesale, LLC's ("Factory Direct") Motion to Exclude Certain Expert Opinions, (doc. 146). (See generally doc. 187). Defendants object to portions of the Order. (Doc. 188.) Factory Direct responded, (doc. 193), and Defendants replied (doc. 196). Meanwhile, Factory Direct filed a Motion for Reconsideration of portions of the Magistrate Judge's Order. (Doc. 192). Defendants responded, (doc. 195), and Factory Direct Replied, (doc. 198). Both parties' challenges to the Magistrate Judge's Order raise issues related to Factory Direct's expert Dr. Forest's opinions and how they relate to the Court's prior claim construction, or Markman,[1] Order. (See generally docs. 188 & 192.) Therefore, for efficiency, and to streamline these proceedings towards trial, the Court will address all the issues raised in these filings together.

## STANDARD OF REVIEW

The Magistrate Judge's Order is subject to a deferential standard of review. The statute governing referrals to the Magistrate Judge provides:

> [A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.

28 U.S.C. § 636(b)(1)(A). When considering the parties' objections to the magistrate judge's ruling on this non-dispositive matter, the Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also Stewart v. Johnson, 2021 WL 6752312, at *1 (S.D. Ga. Aug. 10, 2021) (finding a motion to exclude to be a non-dispositive pretrial evidentiary motion, even where it will influence the outcome of the matter). Otherwise,

---

[1] See Markman v. Westview Instruments, Inc., 517 U.S. 370, 388-90 (1996).

the magistrate judge's ruling stands.

"A ruling is clearly erroneous where either the magistrate judge abused his discretion or the district court, after reviewing the entirety of the record, is left with a definite and firm conviction that a mistake has been made." Jackson v. Deen, 2013 WL 3991793, at *2 (S.D. Ga. Aug. 2, 2013) (citing Pigott v. Sanibel Dev., LLC, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008)).   A decision by the magistrate judge is contrary to law when it "fails to follow or misapplies the applicable law." Id. (citations omitted).   In another context, the Eleventh Circuit has recognized that "[c]lear error is a highly deferential standard of review." Holton v. City of Thomasville Sch. Dist., 425 F.3d 1325, 1350 (11th Cir. 2005).

Although Factory Direct filed its challenge to the Magistrate Judge's Order as a request for reconsideration, (see doc. 192), it argues there is a "need to correct clear error" in the Order (id., p. 1 (internal citation and quotations omitted).)   Although "reconsideration" is clearly a request for the Magistrate Judge, the Court will consider the arguments through the lens of § 636 and Rule 72(a). Compare Gold Cross EMS, Inc. v. Child.'s Hosp. of Ala., 108 F. Supp. 3d 1376, 1380 (S.D. Ga. 2015) (identifying "the need to correct clear error or prevent manifest injustice" as grounds for reconsideration of an order) with § 636(b)(1)(A)   ("A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."); see also Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006) ("[A] party's failure to seek timely review does not strip a district court of its power to revisit the issue.").   Moreover, the Magistrate Judge's in limine rulings remain subject to reconsideration by the Court, and where appropriate the Court exercises its "broad discretion" in revisiting some of those rulings. Jenkins v. Corizon Health Inc., 584 F. Supp. 3d 1364, 1368-69 (S.D. Ga. 2022).

3

**DISCUSSION**

**I.    Affirmance of the Magistrate Judge's Rulings that Neither Party Challenges**

As referenced above, the parties' challenges to the Magistrate Judge's Order focus on his analysis of certain expert opinions of Dr. Forest.  (See generally docs. 188 & 192.)   The Order also resolved the parties' disputes over the expert opinions of Lisa Miller, (doc. 187, p. 25), Dr. Mark Benden, (id., pp. 25—31), and David Duski, (id., pp. 31—34).   Neither party challenges the Magistrate Judge's disposition related to these experts and therefore makes no argument that the disposition was clearly erroneous.  (See generally docs. 188 & 192.)   The Court **AFFIRMS** the Magistrate Judge's denial of Defendants' Motion to Strike certain of Lisa Miller's opinions, (doc. 187, p. 25), denial of Factory Direct's Motion to Exclude the testimony and opinions of Dr. Mark Benden regarding secondary considerations of non-obviousness, (id., pp. 25—31), and denial of Factory Direct's Motion to Exclude the testimony and opinions of David Duski regarding Defendants' damages for alleged patent infringement, (id., pp. 31—34).   Additionally, neither party objects to the Magistrate Judge's denial of Defendants' request to exclude Forest's Opinion 9 as untimely.  (See doc. 188, pp. 21—22 (summarizing objections); doc. 192, p. 2).   That decision is also **AFFIRMED**.  (Doc. 187, pp. 22—24.)

**II.    Consideration of the Magistrate Judge's Rulings that the Parties Challenge**

The Court turns, then, to the portions of the Magistrate Judge's Order objected to by the parties.   The Order granted, in part, Defendants' request to exclude portions of Dr. Forest's opinions, excluding "[a]ny portion of Forest's Opinion 4 about what a [person of ordinary skill in the art ("POSITA")] might understand the term 'set' to mean," and "the portion of Forest's Opinion 6 that offers a new meaning of the term 'pivot point,' including his discussion of the term 'pin joint.'"  (Doc. 187, pp. 14—18, 34.)   Factory Direct objects to the exclusion of Dr. Forest's

opinion "on the plain meaning of a pivot point." (Doc. 192, p. 1.) The Order also denied Defendants' request to exclude other portions of Forest's Opinions 4 and 6, (doc. 187, pp. 12—14, 16—17), denied their request to exclude his Opinion 7, (id., p. 17), denied their request to exclude his Opinions 1, 2, 3, and 8, (id., pp. 18—19), and denied their request to exclude his Opinion 5, (id., pp. 19—22). Defendants object to each of these determinations. (Doc. 188, pp. 5—21.)

### A. Factory Direct's Challenge to the Exclusion of Dr. Forest's Opinion on the Meaning of the Term "Pivot Point"

Factory Direct argues that excluding Dr. Forest's opinion on the "plain meaning of a pivot point" is clearly erroneous, since Defendants' expert offers his own competing definition of the meaning of pivot point. (Doc. 192, pp. 1—2; see also doc. 187, pp. 14—16.)) It further argues that, if the ruling stands, Defendants' expert will be permitted to offer his own opinion on the meaning of the term pivot point, while its own expert will not. (Id.) Therefore, it asks the Court to either exclude both experts' opinions on the meaning of "pivot point," given that neither party raised the issue during claim construction, or to hold a supplemental claim proceeding on the meaning of "pivot point." (Id.) Defendants oppose both requests. (Doc. 195.)

Factory Direct's first request is a non-starter. It asks the Court to exclude Dr. Mark Benden's testimony about the meaning of "pivot point," (doc. 192, pp. 4—5), even though it had a full opportunity to seek exclusion of this testimony and chose not to do so. Factory Direct did move to exclude certain of Dr. Benden's opinions, but the now-challenged testimony was not a part of that Motion. (See generally doc. 146-17.) A request for reconsideration of a prior Order is not the proper procedural vehicle for challenging another expert's testimony. Thus, the Court **DENIES** Factory Direct's request for the Court to exclude Dr. Beden's opinions on the meaning of "pivot point."

Factory Direct's alternative request is that the Court hold a supplemental claim construction on the meaning of "pivot point." (Doc. 192, pp. 2—4.) The Magistrate Judge found that Factory Direct had "waived any argument on the meaning of 'pivot point' by failing to raise it during claim construction." (Doc. 187, p. 15.) While Factory Direct concedes that in some cases a party may waive a claim construction argument, it points to authority that, generally, a wavier occurs when a party fails to raise a claim construction issue before the matter goes to the jury. (Doc. 192, p. 3 (citing Conoco, Inc. v. Environ. Intern., L.C., 460 F.3d 1349, 1359 (Fed. Cir. 2006) ("[L]itigants waive their right to present new claim construction disputes if they are raised for the first time after trial.").) As the Motion correctly observes, this Court "may engage in claim construction during various phases of litigation, not just in a Markman order." Conoco, 460 F.3d at 1359. Additionally, as both Factory Direct and Defendants argue at various points in their objections, if the jury is asked to interpret claim terms, it can be legal error. See Eon Corp. IP Holdings v. Silver Springs Networks, 815 F.3d 1314, 1319-20 (Fed. Cir. 2016). That is because the construction of a patent is not for a jury but exclusively for the Court to determine. Teva Pharms. USA, Inc. v. Sandoz, Inc., 574 U.S. 318, 321 (2015). Consequently, "the court's obligation is to ensure that questions of the scope of the patent claims are not left to the jury." Every Penny Counts, Inc. v. Am. Express Co., 563 F.3d 1378, 1383 (Fed. Cir. 2009). "In order to fulfill this obligation, the court must see to it that disputes concerning the scope of the patent claims are fully resolved." Id.; see also Stern v. SeQual Tech., Inc., 840 F. Supp. 2d 1260, 1266 (W.D. Wash. 2012) (noting that district courts "retain discretion to hear belated claim construction arguments," and collecting cases); Medien Pat. Verwaltung AG v. Warner Bros. Ent. Inc., No. 10 Civ. 4119 (CM)(GWG), 2014 WL 333470, at *11 (S.D.N.Y. Jan. 29, 2014) ("Only the Court can resolve what is obviously a dispute about the meaning of the claim language, and the fact that the

dispute is raised late in the day does not relieve [the Court] of that burden." (citations omitted)).

Therefore, given the potential consequences should the parties' disputes over various claim terms reach the jury, the Court will exercise its discretion to engage in further claim construction as to the meaning of the term "pivot point." The Court provides instruction on this limited supplemental claim construction below.

### B. Defendants' Objections that Certain Opinions Offer New Claim Constructions

Defendants first object to the portions of the Magistrate Judge's Order denying their request to exclude opinions that, in their view, offer new claim constructions. (Doc. 188, pp. 5—14.) They correctly observe that "claim construction is a matter of law for the Court—not for the jury." (Id., p. 2 (citing Markman, 517 U.S. at 372).)   As the Magistrate Judge's Order explained,

> "Once a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial. No party may contradict the court's construction to a jury." Exergen Corp. v. Wal-Mart Stores, Inc., 575 F.3d 1312, 1321 (Fed. Cir. 2009). An expert's opinion that is based on an impermissible claim construction is appropriately excluded, whether as irrelevant, see Liquid Dynamics Corp. v. Vaughan Co., Inc., 449 F.3d 1209, 1224 n.2 (Fed. Cir. 2006), unreliable or unhelpful, see Personalized User Model, L.L.P. v. Google Inc., 2014 WL 807736, at *1 (D. Del. Feb. 27, 2014). Ultimately, where "the courts claim construction and related decisions are inconsistent with the opinions expressed in [an expert's report], such opinions will not be admitted at trial." LP Matthews LLC v. Bath & Body Works, Inc., 458 F. Supp. 2d 198, 210 (D. Del. 2006).

(Doc. 187, pp. 12—13.)   Defendants do not object to this recitation of the governing legal principles, but argue that some of Dr. Forest's opinions, not excluded by the Magistrate Judge, introduce new claim positions and would require the jury to decide the meaning of disputed claim terms. (Doc. 188, pp. 2—3.)   The terms at issue, and the arguments related to each, are as follows.

7

### 1. "Connect"

Defendants point to Dr. Forest's Opinions 4, 6, and 7 as including a new construction regarding the claim term "connect."  (Doc. 188, pp. 6—8.)  Defendants' original Motion argued that Dr. Forest attempts to rewrite the Court's claim construction "to require all sets of arms be connected 'to each other' at 'a' (single) scissoring pivot point."  (Doc. 145, pp. 13—14.)  The Magistrate Judge considered this argument and determined that Dr. Forest's summary is consistent with the Court's <u>Markman</u> Order.   (Doc. 187, p. 14 (citing doc. 117, p. 18).)  Defendants object, asking the Court to "strike Dr. Forest's opinions that seek to construe the term '*connect*' to mean that the arms in a given set must connect, either directly or indirectly, *to each other* at 'a' (single) scissoring pivot."  (Doc. 188, p. 8.)  This, they argue, introduces a new claim construction regarding the claim term '*connect*' in Term 1, which requires all arms in a set connect at a single scissoring point.   (<u>Id.</u>, p. 7.)

As the Magistrate Judge's Order correctly notes, (doc. 187, p. 13), the Court's <u>Markman</u> Order construed Term 1 as follows:

| 1 | "a set[s] of [pivot] arms that connect at a scissoring point[s] creating a scissoring motion" | Claims 1, 13, 14, 19, 24, and 29, 630 Patent<br><br>Claim 1, 773 Patent<br><br>Claim 1, 774 Patent | . . . a set[s] of pivot arms that connect at a scissoring pivot point creating a scissoring motion, wherein the scissoring pivot point is located on the arms between each arm's sliding mechanism and base or platform pivot point . . . |
|---|---|---|---|

(Doc. 117, p. 18.)   Dr. Forest summarized this claim construction as making it "clear that the arms in a given set must connect, either directly or indirectly, ***to each other*** at 'a' scissoring pivot point." (Doc. 145-3, p. 4 (emphasis in original).)   The Magistrate Judge's Order found this summary "consistent with the Court's construction."   (Doc. 187, p. 14.)

Defendants dispute that the Court's construction of Term 1's "arms that connect at a scissoring pivot point" limits its meaning to "arms that connect at **a single** pivot point, identifying authority from the Federal Circuit that the term "a" has a meaning of "one or more."   (Doc. 196, p. 4 (emphasis in original).)   Therefore, they argue, if Dr. Forest is permitted to offer this opinion at trial, "the parties must dispute the meaning (*i.e.*, the construction) of the claim term "connect" in front of the jury, which would invite error.   (Doc. 188, pp. 7—8 (citing O2 Micro Intern. Ltd. v. Beyond Innovation Tech. Co., Ltd., 521 F.3d 1351, 1360 (Fed. Cir. 2008) ("When the parties raise an actual dispute regarding the proper scope of these claims, the court, not the jury, must resolve the dispute.").)   They also argue Factory Direct should have raised Dr. Forest's new constructions during the now-passed claim construction process.   (Doc. 196, p. 1.)   Given the conclusion, above, that a limited reopening of the claims construction process is appropriate, the parties will be permitted to argue what "connect," as used in Term 1, means.   The Court provides instruction on this limited supplemental claim construction process below.

## 2. Directly Attached and Arm Pivot Point

Defendants also object to the Magistrate Judge's consideration of their challenge to Dr. Forest's Opinion 8 that includes the terms "directly attached" and "arm pivot point." (Doc. 188, pp. 9—11.) In its <u>Markman</u> Order, the Court construed these terms as follows:

| Disputed Term Number | Term | Relevant Claims | Construction |
|---|---|---|---|
| 1.c | "arm pivot point" | Claims 1 & 11, 773 Patent<br><br>Claims 1 & 12, 774 Patent | Plain and ordinary meaning |
| 3 | The phrase "directly attached" in the following language: "a gas spring directly attached to one of the set of pivot arms through an arm pivot point" | Claims 1 & 4, 773 Patent<br><br>Claim 1, 774 Patent | "directly attached" [in the relevant claims] means the gas spring is attached to the set of pivot arms through an arm pivot point without an intermediate component other than the arm pivot point. |

(Doc. 117, pp. 17—18.) In its original Motion, Defendants argued that since Factory Direct "lost its claim construction for 'directly attached,'" Dr. Forest, in his Opinion 8, "resorts to disassembling a gas spring down to its constituent parts, and arguing a new construction for the term 'directly attached.'" (Doc. 145, p. 17.) The Motion further argued that Dr. Forest's "new construction" contradicts the Court's construction that "directly attached" means "the gas spring is attached to the set of pivot arms through an arm pivot point without an intermediate component other than the arm pivot point." (<u>Id.</u>, p. 22 (quoting doc. 117, p. 18).)

As Defendants correctly observe, the Magistrate Judge's Order did not explicitly address Defendants' argument about the claim term "directly attached." (Doc. 188, p. 9; <u>see also</u> doc. 187, pp. 18—19.) Instead, the Order found that their arguments appeared to "merely express their disagreement with Forest's opinions," and that they failed to identify specific portions of Dr.

10

Forest's opinion that either contradicted the Court's claim construction or would "qualify as an attempt to end-run the claim construction process." (Doc. 187, p. 18.) In their objection, Defendants argue that this is error, since Dr. Forest's opinion contradicts this Court's construction that allows for direct attachment "through an arm pivot point," by adding the limitation that the direct attachment be through "a cylinder or a piston of a gas spring." (Doc. 188, p. 10.) Permitting this opinion would, in Defendants' view, result in the parties disputing the meaning of the claim term "directly attached," and relatedly "arm pivot point," at trial, which would be legal error. (Id.) Therefore, they ask the Court to exclude Dr. Forest's opinions that construe the term "directly attached" to require direct attachment only through a cylinder or a piston of a gas spring. (Id., p. 11.) Factory Direct responds that Dr. Forest's opinions adhere to the Court's construction of "directly attached." (Doc. 193, p. 5.)

The parties' arguments on this point, and particularly Defendants' reply brief, (doc. 196, pp. 6—11), clarify that they dispute the meaning of "gas spring," and how the disputed definition of "gas spring" interacts with the Court's definition of "directly attached." (Doc. 188, p. 10; doc. 193, p. 5; doc. 196, p. 11.) Defendants argue that Dr. Forest should not be permitted to testify that the term "directly attached" requires direct attachment at only one of two points of a gas spring—either the piston or the cylinder. (Doc. 196, p. 11.) Because the Court has already determined that a supplemental claim construction process is appropriate, the parties will be permitted to more fully develop their positions on the meaning of "gas spring," and whether that construction should alter the Court's prior construction of the term "directly attached," during that process laid out below.

### 3. Gas Spring and Height Adjustment Mechanism

Defendants also object to the portion of the Magistrate Judge's Order that denied their challenges to Dr. Forest's Opinions 1, 2, 3, 4, and 8, because Dr. Forest's opinions seek to introduce new constructions for the terms "gas spring" and "height adjustment mechanism." (Doc. 188, pp. 11—14 (citing doc. 187, p. 18).)  Defendants argue that Dr. Forest's opinions improperly narrow the meaning of 'gas spring' by requiring it to apply both a pushing and pulling force to the height adjustment mechanism.   Since these terms were not construed during the claim construction process, they argue these opinions will result in the parties disputing the meaning of both "gas spring" and "height adjustment mechanism," and the relation between the two, in front of the jury at trial.   (Doc. 188, pp. 11—12; doc. 196, pp. 12—13.)   For the same reasons articulated above, the Court finds that supplemental claim construction on these terms is appropriate.

### 4. Pivot Point

Defendants note that the Magistrate Judge's Order excluded the portion of Dr. Forest's Opinion 6 that offered a new meaning of the term "pivot point," but denied Defendants' request to strike Opinion 7 that relies on the same untimely construction of "pivot point."   (Doc. 188, p. 14.) Because, as explained above, the Court grants Factory Direct's request to open a limited supplemental claim construction that will allow it to argue for a construction of the term "pivot point," this objection is moot.

### C.  Defendants' Objection to Dr. Forest's Opinion 5

Finally, the Court takes up Defendants' objection to the Magistrate Judge's disposition of their request to exclude Dr. Forest's Opinion 5, (doc. 188, pp. 15—21).   As the Magistrate Judge summarized, "Forest's Opinion 5 relates to FDW's Third Supplemental Invalidity Contentions,

which pertain to the validity of the '773 and '774 patents." (Doc. 187, p. 19 (internal citation and quotations omitted).) Defendants' Motion sought to exclude this opinion because "Forest merely incorporates by reference FDW's attorney's claim charts and provides no independent invalidity analysis." (Id., at pp. 19—20; see also doc. 145, pp. 22—24.) The Magistrate Judge considered their argument, and Factory Direct's response, and applied Federal Rule of Civil Procedure 37(c)(1) to determine that exclusion was unwarranted. (Doc. 187, pp. 20—22.) In their objection, Defendants argue that the evidentiary burden requiring proof of "clear and convincing" evidence of invalidity supports overruling the Magistrate Judge's discovery-based determination that exclusion of Dr. Forest's Opinion 5 is unwarranted. (Doc. 188, p. 16.) Whether Factory Direct will be able to meet its evidentiary burden at trial is a separate issue. For now, the question is whether the Magistrate Judge's application of Rule 37 to Dr. Forest's expert report was clearly erroneous. Defendants have not shown that it was, and therefore their objection on this point is **OVERRULED**. (Doc. 188, in part.)

## CONCLUSION

For these reasons, Plaintiff Factory Direct Wholesale, LLC's Motion for Reconsideration is **GRANTED**, in part, and **DENIED**, in part. Doc. 192. Defendants' objections are **SUSTAINED**, in part, and **OVERRULED**, in part. Doc. 188.

The resolution of the parties' supplemental claim construction is **REFERRED** to the Magistrate Judge. The Magistrate Judge will set a scheduling conference, if necessary, and briefing schedule for the supplemental claim construction by separate order. The Magistrate

Judge's consideration during the supplemental claim construction proceedings is limited to these terms:

1. "Pivot point;"

2. "Connect;"

3. "Gas spring," as it relates to the Court's prior construction of the term "directly attached;" and as it relates to the application of force to the "height adjustment mechanism."

**SO ORDERED**, this 26th day of March, 2026.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA